196 So.2d 635 (1967)
T. J. JOHNSON, Plaintiff-Appellant,
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, Defendant-Appellee.
No. 1948.
Court of Appeal of Louisiana, Third Circuit.
March 21, 1967.
Drewett & Jacques, by J. Clem Drewett, Lake Charles, for plaintiff-appellant.
Jones, Kimball, Harper, Tete & Wetherill, by Patrick A. Juneau, Jr., Lake Charles, for defendant-appellee.
Before TATE, FRUGE and CULPEPPER, JJ.
TATE, Judge.
The plaintiff Johnson appeals from the dismissal of his claim for workmen's compensation benefits. The evidence shows that he is totally disabled by reason of a nervous breakdown resulting from work pressures and work fatigue. The question is whether this type of disability is compensable under the Louisiana compensation act.
Johnson was a traveling circulation representative of a daily newspaper. He was responsible for supervision of some thirty distributors, each with a number of carriers or delivery boys. His duties included securing and training of distributors and assurance that newspapers were regularly delivered throughout his territory. His workday commenced at 2:00 A.M. and continued throughout the day, seven days a week.
At five o'clock one morning, while supervising deliveries from one of the distribution stations, he suffered a mental breakdown. He became incoherent and started shaking all over. He had to be hospitalized. He had been normal when he arrived at the distribution station some fifteen minutes earlier, although highly agitated and nervous.
The medical and lay evidence indicate without question that the cause of Johnson's mental breakdown was the demands and pressure of his work, together with accumulated fatigue of unbroken work-days of long hours and much tension. There was, however, no single physical incident or trauma which precipitated the condition; nor was there any physical cause contributing to the mental collapse, except possibly the wearing effects of constant fatigue over a period of many months.
The plaintiff Johnson's undoubted disability is not compensable under the Louisiana workmen's compensation act even though it was directly caused by his work and though it culminated in disability while he was at work. As in Hackett v. Travelers Insurance Co., La.App. 3 Cir., 195 So.2d 758 (decided February 15, 1967), we are bound by the opinion of our Supreme Court in Danziger v. Employees Mutual Liability Insurance Co. of Wisconsin, 245 La. 33, 156 *636 So.2d 468. In that decision, based upon its construction of statutory definitions, the court held that a psychic trauma which produces disability is not a compensable accident within the meaning of our compensation statute.
We therefore affirm at appellant's cost the decision of the district court dismissing his suit for workmen's compensation benefits.
Affirmed.