342 So.2d 241 (1977)
Robert GALES
v.
GREAT ATLANTIC & PACIFIC TEA COMPANY.
No. 7706.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1977.
Rehearing Denied February 15, 1977.
Writ Refused March 31, 1977.
*242 Badeaux, Discon, Cumberland & Barbier, J. Michael Cumberland, New Orleans, for plaintiff-appellee.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Robert Henry Sarpy, Jr., New Orleans, for defendant-appellant.
Before REDMANN, STOULIG and MORIAL, JJ.
STOULIG, Judge.
Plaintiff, Robert Gales, obtained a judgment awarding him maximum workmen's compensation benefits on a finding that a dormant rheumatoid arthritis condition was activated during the course and scope of his employment as a meat boner and trimmer with defendant, the Great Atlantic & Pacific Tea Company (A & P), that left him totally and permanently disabled from performing work of the same or of a similar character. Defendant has appealed.
The record reflects that Gales, now 33, has been performing manual labor of various types since he was 14 years old. On September 13, 1971, he was employed by A & P as a trainee to cut meat. In November 1973 when he discontinued working, he was then a boner and trimmer. While performing his job he was subjected to severe temperature changes as many as 150 times daily. His duties took him from the warm and dry loading dock to the "bone room" with its "air conditioned" temperature, then into the cooler, which felt like a refrigerator, and then into the freezer.
In the fall of 1972 he first began experiencing occasional pain in his joints. By October 1973 the pain intensified to such an extent that the following month he was no longer able to report for work.
Internist Dr. Wally R. Jenkins diagnosed his condition as rheumatoid arthritis when he first examined plaintiff in December 1973. He found tenderness and swelling in various joints which produced severe pain. By December 1974, even after having been given gold injections regularly for a year, it was Dr. Jenkins' opinion plaintiff was incapable of performing manual labor. In May 1974 plaintiff did attempt to return to his job, but after three days his pain intensified to a point where he could no longer continue.
Dr. Jenkins was the only medical expert called. From his testimony it is apparent that little is known of the cause of rheumatoid arthritis. However he said it was probable that the plaintiff's dormant condition was activated and aggravated by his moving constantly between warm and cold temperature extremes. Although Dr. Jenkins testified that flare-ups of rheumatoid arthritis might subside within a few weeks as a general rule, he was equally positive plaintiff's condition did not subside within the average period and it continued to leave him disabled.
Defendant relies heavily on this average recovery testimony in seeking reversal, but there is nothing in the record to indicate this was the case with plaintiff. In fact it proves just the opposite. Medical science has little light to shed on this disease and defendant cannot require plaintiff to explain what is still not understood by the experts. Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (1969).
The law applicable to this case was clearly and succinctly set forth in written reasons for judgment, part of which we incorporate into our opinion and adopt as our rationale. We quote:
"The law in this area is set out in the case of Lum v. Employers Mutual Liability Insurance Company of Wisconsin, 216 So.2d 889 (La.App. 2nd Cir. 1968), writ refused, [253 La. 642], 219 So.2d 175:
"The principle is well established in the jurisprudence of this State that employers take employees as they find them. A worker who is abnormally susceptible to disability from an accident *243 is protected by the provisions of the compensation statute even though the accident would have caused little or no harm to a healthy worker. Nor is it important that the diseased or weakened condition might alone eventually have produced disability. Thus, an employee's disability is compensable when precipitated by an industrial accident, even though a preexisting, dormant physical condition or predisposition has contributed thereto. * * *
'This case comes within the rule that an employee disabled by accident is not to be denied compensation merely because he was already afflicted with a disease which, in its ordinary course of progress, might have caused the disability eventually without any accident and where the accident merely superinduced the disability.' (Citations omitted and emphasis added.)
"It is undisputed that arthritis is not one of the occupational diseases enumerated in Louisiana Revised Statute 23:1031(1) [23:1031.1].
"Recovery therefore must be based on the finding of an `accident' that occurred within the course and scope of the plaintiff's employment and that said accident was causally connected to the resulting disability.
"This Court has no doubt as to the causal connection of Mr. Gales' disability to his work. The question, however, is whether there has been an `accident' within the meaning of the Workmen's Compensation Act.
"Louisiana Revised Statute 23:1021(1) provides:
"Accident" means an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury.'
"The term `accident' is given a liberal interpretation under the workmen's compensation law. Gotte v. Cities Service Oil Company, 298 So.2d 920 (La.App. 3rd Cir. 1974), writ refused October 28, 1974. While no specified impact type accident appears to have been suffered by Mr. Gales, his body most certainly received great trauma each and every time it was exposed to the extreme in temperature to which he was subject in his employment. The performance of the usual and customary duties of his employment contributes to his physical breakdown.
"In Gotte v. Cities Service Oil Company, supra, the Court held that when a body receives the shock of severely varying temperatures, it is traumatized and an `accident' within the Workmen's Compensation Act has occurred.
"In Gorbach v. Prager, Inc., 300 So.2d 618 (La.App. 4th Cir. 1974), reversed on other grounds, 310 So.2d 604 [La.], the Court stated:
"* * * [W]e firmly believe that this workman was injured by great physical effort or strain on a number of occasions, causing the ruptured disc to block completely his nerve sac, preventing him from working. The intent of the Compensation Act must surely be to cover an injury resulting from several traumas as well as one.' (Emphasis added.)
"This Court is of the opinion that Mr. Gales has sustained an `accident' as the word is defined in the Workmen's Compensation Act which worsened his pre-existing arthritic condition causing it to become symptomatic resulting in his total disability.
"Plaintiff, Mr. Gales, for the foregoing reasons, is therefore entitled to judgment against defendant, Great Atlantic and Pacific Tea Company."
For the reasons assigned the judgment appealed from is affirmed.
AFFIRMED.