365 So.2d 39 (1978)
Richard E. SCANLAN
v.
BERNARD LUMBER CO., INC. and International Ins. Company.
No. 9621.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1978.
*40 Montgomery, Barnett, Brown & Read, Wood Brown, III, New Orleans, for defendants-appellants.
Denis A. Barry, II, New Orleans, for plaintiff-appellee.
Before LEMMON, STOULIG and SCHOTT, JJ.
SCHOTT, Judge.
Plaintiff was found to be disabled and was awarded a judgment for maximum workmen's compensation benefits against defendants. In their appeal, defendants have limited the issue to whether the plaintiff suffered or sustained an accident within the intendment of the Workmen's Compensation statute.
Plaintiff was employed by defendant on August 6, 1970, until June 16, 1976. In 1974 he underwent a laminectomy but his recovery was good and he resumed full-time employment as a mill superintendent early in 1975. On May 1, 1976, the employees of the company went on strike with the result that management and supervisory personnel had to run the mill. At this point plaintiff's job involved heavy manual labor whereas his regular job as superintendent did not involve such duties. After several days of this heavy labor plaintiff began to suffer from pain in his back which increased in severity until June 16, 1976, when he was unable to return to work.
The medical evidence confirms that this heavy work caused his disability but there is no evidence as to a single traumatic event which precipitated his condition.
In his reasons for judgment the trial court stated:
"From these facts the Court concludes the plaintiff sustained an accident within the meaning of that term as used in the amended Workmen's Compensation Statute. There was no sudden, unforeseen incident which alone produced objective symptoms of injury. This was not a long term development of some industrial disease; on the contrary, the activity (during the strike) produced pain almost from the outset and ended within a matter of a few weeks . . ." (emphasis added)
*41 ". . . This man did not have a single incident or a single accident. He had a whole series of accidents every time he picked up a heavy timber, loaded it onto and off a delivery truck, fed it into a planer, or shaper or saw or other mill machinery; this whole series of (to him with his high pain threshold) minor accidents cumulatively produced his disabling injury."
The Workmen's Compensation law provides benefits for an employee who is disabled because of an on the job accident. LSA-R.S. 23:1031. R.S. 23:1021(1) provides the following definition:
"`Accident' means an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury."
Defendants point to that portion of the trial judge's reasons which we have emphasized above as an explicit finding that plaintiff did not have an "accident" under the plain wording of the statute. However, the emphasized portion of the trial judge's findings cannot be isolated from the rest of his findings, and these as a whole are consistent with recent jurisprudence on the subject.
Most recently, this court in Gales v. Great Atl. & Pac. Tea Co., 342 So.2d 241 (La.App. 4th Cir. 1977), writs refused, 343 So.2d 1077, held that the term "accident" is to be given a liberal interpretation, and,
"While no specified impact type accident appears to have been suffered by Mr. Gales, his body most certainly received great trauma each and every time it was exposed to the extreme in temperature to which he was subject in his employment. The performance of the usual and customary duties of his employment contributed to his physical breakdown."
The Gales case followed from Parks v. Insurance Co. of North America, 340 So.2d 276 (La.1976) and Chism v. Kaiser Aluminum & Chemical Corp., 332 So.2d 784 (La. 1976). See also, Byrer v. Southern Baptist Hosp., Inc., 350 So.2d 1233 (La.App. 4th Cir. 1977).
Finally, defendants contend that the legislature's failure to amend the definition of accident in the statute despite the plethora of amendments to the Workmen's Compensation law in general is equivalent to a reiteration of the definition of accident and a mandate to the courts to apply the definition literally. We see no merit to this argument since it is equally plausible that the legislature's refusal to change the definition of accident is tantamount to its approval of the interpretation which has been placed on the definition by the courts.
The judgment appealed from is affirmed.
AFFIRMED.