397 So.2d 60 (1981)
Carl Melvin FRANKLIN, Plaintiff-Appellant,
v.
COMPLETE AUTO TRANSIT CO., Defendant-Appellee.
No. 14500.
Court of Appeal of Louisiana, Second Circuit.
March 23, 1981.
Hal V. Lyons, Shreveport, for plaintiff-appellant.
Lunn, Irion, Switzer, Johnson & Salley by Frank M. Walker, Jr., Shreveport, for defendant-appellee.
Before PRICE, MARVIN and JASPER E. JONES, JJ.
*61 MARVIN, Judge.
In this worker's compensation action, the claimant's demands for benefits arising out of psychological disability were dismissed after trial on a plea of prescription. LRS 23:1209. He appeals. We notice the failure of claimant to state a cause of action and affirm the dismissal. CCP 927; LRS 23:1021(1), (6); LRS 23:1031.
Claimant, employed as a truck driver, violently collided his 18-wheeler in either October 1975 or 1976 with an automobile which drove into his path. The woman driver of the automobile was killed and her young child passenger suffered permanent brain damage. In the latter part of 1977 while in the same area on the same highway claimant had to drive his truck off the highway and into a ditch to avoid colliding with another automobile which also drove into his path of travel.
From the first accident claimant sustained some psychological upset and anxiety but managed to continue in his occupation after a short time off work. The 1977 incident again triggered, aggravated, and intensified the anxiety of the first accident. Claimant became extremely depressed, had nightmares and dreams in which he heard a small child crying, and eventually developed an uncontrollable fear of having another accident. Claimant brought suit in June 1979 after terminating his employment about two months before.
After terminating his employment, claimant has been undergoing psychiatric treatment and counseling. Two psychiatrists testified that claimant was disabled from driving a truck and related his disability to the fatal accident and the later incident. Claimant's testimony about the exact year in which the first accident occurred was inconclusive and the trial court found that the first incident occurred in 1975 and the second in 1977. Claimant's suit was filed more than two years after the first accident, but less than two years after the second incident. LRS 23:1209.[1]
Even if the fatal accident be found to have occurred in 1976, that accident still occurred more than two years before claimant filed suit. The 1977 incident occurred within the two year period before claimant filed suit, and when viewed in the light most favorable to claimant, could be construed as an accident in the conventional sense which has not prescribed. This construction, however, does not avail claimant because the crucial issue is whether this claimant suffered an injury or personal injury within the meaning of the law when he fails to mention in his testimony that he was injured by violence to the physical structure of his body in the 1977 incident.
The employee's cause of action under the workers' compensation law is expressed in § 1031 and § 1221:
"If any employee ... receives personal injury by accident arising out of and in the course and scope of his employment, his employer shall pay ..." (§ 1031)
"Compensation shall be paid ... in accordance with the following schedule of payments:
"(1) For injury producing temporary total disability ...
"(2) For injury producing permanent total disability ...
"(3) For injury producing partial disability..." (§ 1221)
Emphasis supplied.
*62 The terms injury and personal injury have been legislatively defined in § 1021(6):

"Injury and personal injuries include only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, however caused or construed."
Emphasis supplied.
In allowing benefits for psychological disability such as anxiety conversion reactions (neurosis) following the healing of a physical injury, our courts have effectively followed the legislative definition of § 1021(6).[2] In such cases, the neurosis is a [mental] disease that naturally results from a physical injury. Thus where the claimant does not show that a particular incident caused him an injury by violence to the physical structure of his body, a psychological disability resulting from the incident, however disabling, is not within the statutory meaning of injury-personal injury. We are expressly admonished by the legislature not to construe the definition of injury-personal injury to include any other disease or derangement, however caused or contracted.[3] § 1021 supra. The mental disease or derangement must naturally result from and be causally related to injury by violence to the physical structure of the body, and not from other causes.
Larson observes that while some jurisdictions permit recovery in these "mental-mental cases", as distinguished from "physical-mental" cases, Louisiana is among the substantial minority of states which do not provide for recovery. See Larson, Workmen's Compensation Law, § 42.23 at p. 7-624. Louisiana, of course, recognizes Larson's "physical-mental" distinction and, as we have observed, allows recovery for mental disorder following a physical injury.
Under the circumstances shown, claimant's relief must come from the Legislature and not the courts. At his cost, judgment dismissing his demands, is AFFIRMED.
NOTES
[1] "In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of partial disability this limitation shall not take effect until three years from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident."
[2] See Malone-Johnson, "Workmen's Compensation", 2d Ed., La. Civil Law Treatise, Vol. 13, § 262, and cases cited therein. See also Knight v. Southeastern Chemical Corp., 344 So.2d 67 (La.App. 4th Cir. 1977).
[3] Black's Law Dictionary, 5th Edition, does not provide a definition of derangement, but simply states, "See insanity". Webster's Third New International Dictionary (1971) likewise does not define derangement as anything other than mental.