LEAR, Judge.
Plaintiff, Norma Jean Davis, at the time of her injury, was a thirty-two year old female who was employed in the kitchen of the Admiral Benbow Inn in Baton Rouge, Louisiana, during 1979. Her job was to clean tables and help in the kitchen doing general manual labor. On or about May 13, 1979, while in the course and scope of her employment, she slipped and fell to the floor as she was carrying a heavy tray of dishes from a table. As a result of the fall, she injured her back and workmen’s compensation benefits were initiated and paid by defendant insurer. After receiving a *289 report from plaintiff’s medical doctor stating that she was able to return to work, defendant terminated plaintiff’s workmen’s compensation benefits.
Plaintiff contended that she continued to be disabled as a result of the fall and suit was brought to enforce her right to workmen’s compensation benefits. After a bench trial, judgment was rendered in favor of defendant, dismissing plaintiff’s suit. This appeal followed.
It is undisputed that plaintiff fell and was injured. The only issue presented to the trial court was whether she continued to be disabled after February, 1980, and the duration of her disability, if any. In this regard the trial court concluded that plaintiff suffered from no “physical” disability at the time of trial, and that “If she is at all disabled it is based on emotional factors, most of which emanated prior to her injury and some following her injury.”
Plaintiff’s treating physician, Dr. L. J. Messina, testified that, although he believed his treatment was complete and that plaintiff was able to return to work, he did “think it possible that she [plaintiff] had some pain in her back, even though we sent her back to work.” Plaintiff was also seen by an orthopedic surgeon, Dr. Charles S. Kennon. Dr. Kennon examined the plaintiff on two separate occasions and, although plaintiff complained of continuing pain in her lower back, Dr. Kennon stated that “from an orthopedic standpoint, there are no objective findings to indicate any serious disability in the low back area.” Dr. Ken-non placed no restrictions on plaintiff’s use of her low back, except for heavy lifting. However, Dr. Kennon stated that the lack of objective symptoms in this case does not positively indicate that plaintiff was not having the pain she described, and he therefore suggested that plaintiff be psychologically evaluated.
Dr. Fred L. Tuton, the clinical psychologist who evaluated plaintiff, stated that “the profile patterning did indicate a psy-choneurotic condition which Ms. Davis attempts to solve problems in her environment by the development of somatic complaints .... In summary, the present test results indicate that Ms. Davis’ persistent reporting of back pain appears to be related [to] a significant degree to psychological factors rather than organic pain.”
Plaintiff was also evaluated by Dr. Francisco A. Silva, a practicing psychiatrist. Dr. Silva testified that plaintiff did believe that she was disabled and that he did not think that she was faking the pain which she complained about. Dr. Silva also stated that it was his medical opinion that, “maybe for emotional reasons” plaintiff was disabled at the time of his examination and unable to return to work. With regard to whether these emotional problems were related to plaintiff’s work injury, Dr. Silva testified that:
“[Prior to plaintiff’s accident] her social and psychological emotional adjustment had been kind of borderline but apparently had been worse since this accident. It is not unusual for a person who is kind of hanging by their fingernails in their adjustment to life when something happens to disturb whatever little equilibrium they have left to have difficulty returning back to their previous level of performance.”
When asked if plaintiff’s fall was the thing that pushed her over the edge, Dr. Silva stated that “Yes, you can say that.”
Plaintiff herself testified that she experiences pain in her lower back every day and that she is unable to return to work for this reason. She also stated that she is able to do very little around the house. Plaintiff’s sister testified that she would see plaintiff a couple of times a week and that plaintiff complained of back pains, could not walk or do housework and for the most part plaintiff could not even bend down to put her shoes on.
It is well settled that, if plaintiff can only work in substantial pain, she is totally disabled under the workmen’s compensation statute. Spillers v. City of Shreveport, 367 So.2d 135 (La.App. 2nd Cir., 1979); Rachal v. Highlands Ins. Co., 355 So.2d 1355 (La.App. 3rd Cir., 1978), writ *290 refused La., 358 So.2d 645; Phillips v. Dresser Engineering Company, 351 So.2d 304 (La. App. 3rd Cir., 1977), writ refused La., 353 So.2d 1048. This is true not only where plaintiff’s pain is caused by a present physical impairment or condition, but also where disabling pain results from an emotional or mental affliction, provided that the psychological disability actually resulted from a physical injury. Franklin v. Complete Auto Transit Co., 397 So.2d 60 (La.App. 2nd Cir., 1981). Thus, such condition must not only be shown to exist, but also that it was causally connected to the work-related accident. Knight v. Southeastern Chemical Corp., 344 So.2d 67 (La.App. 4th Cir., 1977).
The medical evidence, and especially the evaluations of plaintiff made by Drs. Tuton and Silva, indicate that plaintiff is experiencing pain in her back which is real to her. This conclusion, and plaintiff’s other symptoms, such as headaches, dizzy and crying spells and difficulty sleeping, are corroborated by plaintiff’s own testimony and that of her sister. This testimony is undisputed and uncontradicted. Defendant has offered no evidence which casts doubt on the credibility of plaintiff or the other witnesses. In fact, the trial court, in its reasons for judgment, appears to accept the fact of plaintiff’s disability, attributing it, however, to “emotional factors”. We therefore conclude that plaintiff has clearly proven by a preponderance of the evidence that she was temporarily, totally disabled at the time of trial.
We further find that the trial court was clearly wrong in concluding that most of these emotional factors emanated prior to plaintiff’s injury. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The record indicates no history of emotional illness prior to plaintiff’s injury in May, 1979. Prior to this injury, plaintiff worked regularly and had no significant health problems, and especially no disease of or pain in her back. We find that plaintiff did not experience this pain or the other symptoms prior to her injury. The evidence clearly indicates that these symptoms began at the time of and relate to plaintiff’s on-the-job injury. Plaintiff has clearly proven by a preponderance of the evidence that she developed this disabling anxiety syndrome as a result of her work-related injury. We therefore find that plaintiff had been from the time of her injury and was at the time of trial temporarily, totally disabled.
For the foregoing reasons, the judgment of the trial court is reversed and judgment is hereby rendered in favor of plaintiff and against defendant awarding her workmen’s compensation benefits in the amount of Seventy-nine and No/100 ($79.00) Dollars per week during her disability, with interest at the legal rate from the time each weekly payment became due until paid. Judgment is further rendered in favor of plaintiff and against defendant for all reasonable and necessary medical expenses incurred by plaintiff in connection with this injury. Defendant is to be given credit for any and all medical expenses and/or compensation benefits actually paid to plaintiff by them. Defendant-appellee is to pay all costs of both trial and appeal.
REVERSED AND RENDERED.