428 So.2d 972 (1983)
Linda SUTHERLAND
v.
TIME SAVER STORES, INC.
No. 82 CA 0895.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
*973 Daniel E. Becnel, Jr., Reserve, for plaintiff-appellant.
Claude D. Vasser, Jones Walker & Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant-appellee, Time Saver Stores, Inc.
Dan E. West, Bell, Faller & West, Baton Rouge, for defendant-appellee, Commercial Union Ins. Co.
Before COVINGTON, LANIER and ALFORD, JJ.
ALFORD, Judge.
This is a suit for worker's compensation benefits for total and permanent disability, medical payments and statutory penalties. Appellant, Linda Sutherland, appeals from a summary judgment in favor of defendant, Time Saver Stores, Inc.
On December 4, 1981, appellee's store in Donaldsonville was robbed. At the time of the robbery, appellant was working alone in the store as a cashier. Although the record is not completely clear, after robbing the store, the perpetrator apparently led appellant out of the store, either by simply placing his hand on plaintiff's neck, or with a knife, and ordered her to disrobe. Before plaintiff was fully undressed, the police arrived and the criminal fled the scene. Immediately after the incident, appellant was examined by a physician who concluded that she had suffered no physical injuries. Appellant was paid compensation benefits (improperly according to appellee) until January 19, 1982, when a psychiatrist certified appellant could return to work. On February 2, 1982, Sutherland filed suit against Time Saver alleging permanent and total disability due to the December 4,1981, incident.
Appellee answered appellant's suit and later filed the motion for summary judgment which forms the object of this appeal. Without written reasons for judgment, the trial court granted appellee's motion and dismissed appellant's case with prejudice. This appeal followed.
On appeal, Sutherland raises six specifications of error which essentially raise four issues; three procedural and one substantive. First, appellant's counsel argues that he was not given the required delay between "his knowledge of the pertinent *974 pleading" and the hearing on the motion for summary judgment. Second, appellant complains because the trial court allegedly relied on an unsigned affidavit in making a decision on the motion. Third, appellant asserts that the court erred when it refused her request to amend her pleadings. Fourth, and most important, appellant contends that genuine issues of fact, relative to the injury suffered by Sutherland, exist and summary judgment is therefore inapplicable. We will address these in the order presented above.
The record demonstrates that the motion for summary judgment was filed on September 14, 1982, and set for hearing seven days later on September 21, 1982. Clearly, the ten day delay between service and hearing (LSA-C.C.P. art. 966) was not provided for and the minutes reflect that plaintiff's counsel objected to this fact at the hearing.
The purpose of the ten day period is to give the adverse party notice and an opportunity to prepare his response to the allegations contained in the motion. In the present case, the record reflects that counsel for defendant hand-delivered a copy of his motion to plaintiff's counsel on September 8,1982, thirteen days prior to the hearing. Moreover, defendant's motion explains with particularity the grounds for its actions, affording plaintiff ample time and direction in which to prepare her response. Parenthetically, in the package delivered to plaintiff, appellee also included a copy of the affidavit defendant relied upon in support of his motion. In short, we feel that plaintiff's counsel had fair and ample notice of the hearing and a reasonable time period within which to prepare his defense to the motion. Thus, non-compliance with the requirements of LSA-C.C.P. art. 966 was harmless error and we reject plaintiff's first specification. LSA-C.C.P. art. 2164; Naquin v. Maryland Casualty Company, 311 So.2d 48 (La.App. 3rd Cir.1975), writ refused, 313 So.2d 598 (La.1975).
Appellant's second specification of error alleges that the trial court erred in relying upon an unsigned affidavit in reaching a decision on the motion. Appellant is simply incorrect and we reject this specification. A perusal of the record indicates that on September 14, 1982 (seven days prior to the hearing), the affidavit forming the basis of defendant's motion was filed with the Clerk of Court. The affidavit was signed and notarized. We note that this was the same affidavit counsel for defendant hand-delivered to plaintiff's counsel on September 8, 1982. Apparently due to an oversight, plaintiff's copy was not executed; however, it is sufficient to note that plaintiff knew of its contents, and more importantly, the trial judge had the signed and notarized copy available to him at the hearing.
Appellant next argues the trial judge erred when he denied her leave to amend her petition in order to more clearly plead the occurrence of an assault and battery. The record demonstrates that throughout this litigation appellee has defended the case on the assumption that the assailant made some sort of unconsented to and offensive touching of appellant. Indeed, in appellee's brief it is admitted that appellee has interpreted appellant's pleading as alleging a battery. Appellee does not contest the fact that a battery (in the strict sense) occurred, rather appellee argues that the battery was not of such degree, nor did it produce such injury, as would bring appellant within the ambit of protection of the worker's compensation laws. In the final analysis, we believe that appellant's petition was sufficiently drafted to allege a battery. Because Louisiana has abolished the "theory of the case" pleadings, no further specificity on the part of appellant was required and the trial court's decision denying plaintiff leave to amend was not manifestly erroneous. Cox v. W.M. Heroman & Co., Inc., 298 So.2d 848 (La. 1974); Succession of Hearn, 412 So.2d 692 (La.App. 2nd Cir.1982), writ denied, 415 So.2d 215 (La.1982).
Appellant's fourth specification alleges the trial judge committed error when he found, as a matter of law, that given the facts before the court, plaintiff did not suffer *975 an injury within the meaning of the worker's compensation laws. Thus, the issue on appeal is whether or not there exists any genuine issues of material fact relative to the existence of an injury to plaintiff.
It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is summary judgment warranted. Of course, the burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment; and any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits. Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
In the instant case, the undisputed facts fail to show that plaintiff suffered an injury within the meaning of the worker's compensation laws. LSA-R.S. 23 § 1021(1) defines "accident" as
"... an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury." (emphasis supplied)
Furthermore, LSA-R.S. 23 § 1021(6) defines "injury" and "personal injuries" to include,
"... only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom, these terms shall in no case be construed to include any other form of disease or derangement, howsoever caused or contracted." (emphasis supplied)
Though Louisiana is in the minority, it is the law of this state, from which we are not ready to depart, that in order to recover in worker's compensation for a mental disability there must first exist a physical detriment as a causative or contributory factor. In other words, there must exist some objective symptoms of injury, either at the time of the incident or subsequent thereto, which naturally result from violence to the physical structure of the body. Franklin v. Complete Auto Transit Co. 397 So.2d 60 (La.App. 2nd Cir.1981). When the legislature employed the "objective symptoms of injury" terminology in the definitional provisions of the worker's compensation statutes, it envisioned a situation where only observable physical symptoms of injury could result in coverage. Symptoms exclusively within the subjective mindset of the plaintiff will not satisfy the requirements of the statute. When LSA-R.S. 23 § 1021(1) and (6) are read in para materia, one can see that the legislature intended to compensate only those workers who could demonstrate objective evidence of violence to the physical structure of the body. Franklin; see also, Davis v. St. Paul Fire & Marine Insurance Company, 409 So.2d 288 (La.App. 1st Cir.1981), and Larson, Workmen's Compensation Law, § 42.23 at page 7-628 n. 82 (Supp.1982).
In support of its motion, defendant offered three sources of proof to verify that plaintiff did not suffer any objective symptoms of injury as a result of violence to the physical structure of her body. First, in her deposition, appellant testified that she had not even been bruised by the perpetrator:
Q. Were you bruised anywhere that he grabbed on to you?
A. No
Q. That's because he was really holding on to you so that he could control you, is that correct?
A. Yes
Second, appellee offered the medical report of the physician who treated plaintiff the night of the incident. In that report, the physician stated, "Robber in store attempted rape, but [plaintiff] was not raped or harmed just nervous." When asked to explain the nature of the injury and his objective findings, the physician stated that plaintiff suffered from anxiety secondary *976 to the incident. Finally, one of the arresting officers stated in an affidavit that when he arrived on the scene he saw plaintiff walking toward him carrying some clothing. When asked if she needed any assistance, appellant said no. In conclusion, affiant testified that from his position, appellant did not suffer from any visible signs of injury. Thus, we feel the trial judge had before him enough relevant evidence to determine the existence vel non of any material fact with respect to the legal question of the applicability of R.S. 23 § 1021(1) and 1021(6).
It is important to note that, in spite of ample opportunity to do so, appellant failed to offer counter-affidavits or documents of any kind to defeat appellee's motion. In this regard, see LSA-C.C.P. art. 967 which provides in pertinent part:
"When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him."
When the trial court effectively determined that the documents offered by defendant were sufficient to dispose of all genuine issues of fact, the burden then shifted to plaintiff to present evidence showing that material facts were still at issue. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980). However, as noted above, plaintiff failed to offer any such proof. We think the failure of plaintiff to offer any counter-affidavits resulted from the effectiveness of defendant's three documents in addressing the issue of injury. Quite simply, plaintiff could not have offered anything to prove the existence of an injury which contradicts or refutes defendant's evidence.
In sum, the threshold question raised by the motion for summary judgment was whether plaintiff suffered an injury which would be compensable in worker's compensation. The relevant statutes require objective symptoms of injury to the physical structure of the body. Defendant's three first-hand, unrefuted documents dispose of the only genuine issue of fact by showing plaintiff suffered no physical injuries. Thus the case was ripe for summary judgment, and as a matter of current Louisiana compensation law, the trial court's decision granting the motion was correct. Accordingly, the judgment of the trial court is affirmed. Appellant to pay all costs.
AFFIRMED.