438 So.2d 625 (1983)
George N. TAQUINO
v.
SEARS, ROEBUCK AND COMPANY.
No. CA-0693.
Court of Appeal of Louisiana, Fourth Circuit.
September 13, 1983.
Rehearing Denied October 27, 1983.
Writ Denied December 16, 1983.
Joel P. Loeffelholz, New Orleans, for plaintiff-appellee.
James A. Babst, Chaffee, McCall, Phillips, Toler & Sarpy, New Orleans, for defendant-appellee.
Before BARRY and WARD, JJ., and REMY CHIASSON, Judge Pro Tempore.
BARRY, Judge.
Plaintiff appeals a no cause of action judgment which dismissed his compensation suit based on a nervous breakdown.
George Taquino was a salesman for Sears, Roebuck and Company from 1948 to 1961 and from 1963 until the alleged breakdown in 1978. Taquino claims his mental condition is due to being transferred from one store to another, a reduction in commissions and base pay, and "inordinate amount of pressure" from his superiors.
We find no Louisiana case granting compensation benefits based solely on a mental disorder caused by job conditions. Whether plaintiff's petition is factually sufficient is of no moment unless there is a legal basis for recovery.
Workmen's compensation is premised on the traditional concept of "personal injury by accident arising out of and in the course of ... employment." LSA-R.S. 23:1031. "Accident" is "an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury." LSA-R.S. 23:1021(1). "Injury" and "personal injuries" mean "injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom," but "shall in no case be construed to include any other form of disease or derangement, howsoever caused or contracted." LSA-R.S. 23:1021(6).
Twenty years ago our Supreme Court said a stroke caused by grief was not an "accident" and also eliminated emotional problems as compensable under LSA-R.S. 23:1021(6). Danziger v. Employer's Mutual Insurance Company, 245 La. 33, 156 So.2d 468 (1963). But the reasoning in Danziger prevailed only nine years until compensation was allowed for a cerebral hemorrhage which followed emotional excitement in Ferguson v. HDE, Inc., 264 La. 204, 270 So.2d 867 (1972).[1] The plaintiff in Ferguson *626 had been on the job only two weeks when he argued over his first paycheck and suffered a partial paralysis. Justice Dixon, writing for a 4-3 majority, held the paralysis to be an "injury" within plaintiff's employment and cited Bertrand v. Coal Operators Casualty Co., 253 La. 1115, 221 So.2d 816 (1969): "Extraordinary physical stress and strain is not essential to the definition of disabling accident: when the performance of the usual and customary duties of a workman cause[s] or contribute[s] to a physical breakdown, the statutory requirements for an accidental injury are present."
Significantly, Ferguson expressly overruled Danziger "[T]o the extent that the Danziger case held that there can be no `accident' and no `injury' when the disability results solely from extraordinary mental or emotional causes." at p. 870. Our high court pointed out the English statutory scheme for workmen's compensation was the origin for ours and adopted the British interpretation of "accident" which necessarily involves an examination of whether there was an accidential result, rather than whether the disability had an accidential cause. The holding concluded that a sudden and unexpected injury is compensable without physical stress or exertion.
Pre-dating Ferguson the court granted benefits because of angina pectoris (or a slight occlusion), a holding that recognized a grandually developing disability[2] which changed the claimant's "total physical being and capacity." Bertrand v. Coal Operators Casualty Co., supra. Three years after Ferguson a heart attack was held to be a compensable accident. Roussel v. Colonial Sugars Company, 318 So.2d 37 (La.1975). A recent case involving angina (as in Bertrand) specified: "It makes no difference that the claimant in Bertrand fell to his knees with pain. Both the plaintiff in Bertrand and plaintiff in the present case experienced an episode of angina pectoris with outward manifestations observable to those nearby." Adams v. New Orleans Public Service Inc., 418 So.2d 485 (La.1982).
A number of pre-Ferguson cases considered mental instability and automatically denied benefits due to Danziger. The Third Circuit denied a nervous breakdown claim caused by work pressures and fatigue over a period of months. Johnson v. Hartford Accident & Indemnity Company, 196 So.2d 635 (La.App. 3d Cir.1967). A few months later the First Circuit said: "It is now settled law that nervous or mental breakdown produced solely by stress of one's employment does not contribute an accidential injury within the meaning of the terms as appears in LSA-R.S. 23:1021." Samson v. Southern Bell Telephone & Telegraph Company, 205 So.2d 496 (La.App. 1st Cir. 1967). However, Johnson, Samson, and others no longer apply after Ferguson.
Recently a worker seeking benefits for a psychological disability was dismissed for failure to state a cause of action. Franklin v. Complete Auto Transit Company, 397 So.2d 60 (La.App.2d Cir.1981). Following two serious vehicular accidents involving a death, Franklin (a truck driver) underwent psychiatric treatment and produced expert testimony which connected his disability to the accidents. Franklin escaped bodily injury but was denied recovery for his resultant neurosis because he did not show "injury by violence to the physical structure of the body, a necessity within the statutory meaning of injurypersonal injury. The mental disease or derangement must naturally result from and be causally related to injury by violence to the physical structure of the body, and not from other cause." Franklin at p. 62.
We disagree with Franklin. The truck driver experienced two job-related serious accidents and his neurosis was causally related to the accidents and certainly did violence to the physical structure of the body. Franklin's mental disability was as real as a broken bone or soft tissue injury. He was healthy before the accidents and mentally *627 crippled as a result thereafter. "... an injured worker is still entitled to compensation even though the work accident would not have been disabling to the average healthy employee ...." Allor v. Belden Corp., 393 So.2d 1233, 1236 (La.1981). If the truck driver had suffered a heart attack after either accident he would have been entitled to compensation.
We feel it is realistic to provide indemnification based upon a worker's inability to perform as a result of disability which arises out of employment, not because of the type of injury. Our "accident" definition does not distinguish between organic and psychological injuries. To exclude nervous disorders is to create an artificial barrier between other work-related injuries. How a worker's body reacts to a given situation can result in different types of injuries. What may cause one worker to suffer a heart attack (a compensable injury) may cause another worker to break down emotionally (a non-compensable injury.)[3] A majority of jurisdictions support payment of compensation in "nervous" injury cases, while the contra view prevails in a number of jurisdictions. See Larson, § 42.23, pp. 7-624 through 7-630.
A noteworthy 1955 Texas decision, Bailey v. American Gen. Ins. Co., 154 Tex. 430, 279 S.W.2d 315 (1955), involved a "nervous" injury due to a sudden stimulus.[4] Texas had the same restrictive definition of "injury" as Louisiana (requiring harm to the physical structure of the body), but its court answered affirmatively and found the mentally deranged body no longer functioned properly and therefore suffered harm to its physical structure. The Texas court reasoned the physical structure is not just bones and tissue as mechanical objects; rather, it is the entire interrelated, living, functioning organism.
Ferguson eliminates the automatic denial of benefits for emotional stress and places Louisiana with the majority of jurisdictions which do not require a physical blow as a prerequisite to recovery. "There is nothing talismanic about physical impact." Wolfe v. Sibley, Lindsay & Curr Co., 36 N.Y.2d 505, 369 N.Y.S.2d 637, 330 N.E.2d 603 (1975). An "accident" of the "emotional" variety must be proven as any other claim and be causally related to the claimant's employment, i.e., the disability must arise out of and within the course of employment. "If an otherwise healthy worker suffers an accident at work and is thereafter disabled, it is presumed that there is a causal connection between the two, so long as the medical evidence established a reasonable possibility of such a connection.... This presumption is not conclusive, but it forces the defendant to come forward with sufficient contrary evidence to rebut it." Allor v. Belden Corp., supra, at p. 1236, cited in Adams v. New Orleans Public Service, Inc., supra.
We assume the lower court's no cause of action judgment (without reasons) was based on the rejection of any alleged emotional injury claim (absent physical injury) for workmen's compensation, but that finding is erroneous for the reasons expressed herein. However, plaintiff's bare bones petition is vague and this matter is remanded to allow plaintiff fifteen days to amend his petition to specify, if he can, a factual basis to support his mental disability.
REVERSED AND REMANDED.
NOTES
[1] An early case, Johnson v. Zurich General Accident & Liability Insurance Co., 161 So. 667, 668 (La.App.2d Cir.1935), granted compensation to the widow of a nightwatchman who died of heart failure from fright by a practical joke. The court found death was due to an accident "as if actual force had been used." Since the case involved both physical contact and emotional stress, Louisiana law on emotional stress was unclear until Danziger and Ferguson.
[2] Gradually developing physical infirmities are now a fact of life. See Gales v. Great Atlantic & Pacific Tea Company, 342 So.2d 241 (La. App. 4th Cir.1977), writ refused 343 So.2d 1077 (La.1977); Scanlan v. Bernard Lumber Co., Inc., 365 So.2d 39 (La.App. 4th Cir.1978).
[3] "It seems unthinkable that, if hypertension may be aggravated either by physical or mental and emotional exertion, courts should be willing to accept the physical as causative, but reject, as not accidental, a disability proximately resulting from mental and emotional exertion." Insurance Department v. Dinsmore, 233 Miss. 569, 102 So.2d 691, 694, affirmed on rehearing, 233 Miss. 569, 104 So.2d 296.
[4] An early example of a mental claimmental neurosisis the worker who could not keep up with his assembly line job. He had a dread of job loss, developed a disabling psychosis, and was found disabled. Carter v. General Motors Corporation, 361 Mich. 577, 106 N.W.2d 105 (1960).