514 So.2d 611 (1987)
Marilyn B. JONES
v.
CITY OF NEW ORLEANS.
No. CA-7975.
Court of Appeal of Louisiana, Fourth Circuit.
October 7, 1987.
Writ Denied December 11, 1987.
George V. Perez, Jr., Deputy City Atty., Don J. Hernandez, Chief Deputy City Atty., Okla Jones, II, City Atty., New Orleans, for defendant/appellant.
Shelia C. Myers, Gertler, Gertler & Vincent, New Orleans, for plaintiff/appellee.
Before SCHOTT, LOBRANO and CADE, JJ.
LOBRANO, Judge.
Mrs. Marilyn Jones, plaintiff, was awarded compensation benefits for her disability described as post traumatic stress disorder. Her employer, the City of New Orleans appeals that award, raising a legal and a factual issue.
We are called upon to overrule our holding in Taquino v. Sears, Roebuck and Co., 438 So.2d 625 (La.App. 4th Cir.1983), writ denied, 443 So.2d 597 (La.1983) wherein we decided that a cause of action for compensation benefits does exist for mental injury where there is no physicial injury.
Defendant also argues the factual issue that plaintiff failed to prove a work related injury.
*612 FACTS:
Plaintiff worked as a home health care nurse for the City of New Orleans from January, 1977 to September, 1984. As part of her employment Mrs. Jones was required to visit patients in their homes. Several of these patients lived in city housing projects. Since the city had no escort system established for their nurses, plaintiff would enter the projects alone to treat her patients. Mrs. Jones always felt apprehensive during these trips to the projects.
On September 28, 1984, she traveled to the Algiers Fischer Housing Project to see a patient. Upon her arrival she was told to call her supervisor, Mrs. Patricia Delaune. Mrs. Delaune informed plaintiff that the department had received an anonymous phone call threatening her safety. The police were called to escort Mrs. Jones from the housing project. Plaintiff remained with her patient until the police arrived to escort her to her automobile.
Mrs. Jones was very disturbed by the incident and had trouble remembering her activities the rest of the day. She returned to her office and discussed the situation with Mrs. Delaune who suggested that she not tell her husband about the incident. That night plaintiff woke up crying and hysterical and told her husband the events of the day. She became frightened and paranoid, and was unable to return to work. The next work day, Mr. Jones went to his wife's office and notified them that his wife was too distraught over the incident to continue working. He inquired further about the incident and was told that there was a man on the roof watching his wife with binoculars.
Shortly after the incident Mrs. Jones sought medical assistance from her family physician. She had become very frightened and withdrawn, unable to leave her home alone. She kept having nightmares about black men with guns, and flashbacks about Jo Ellen Smith, a nurse killed in the Fisher housing project. Her doctor referred her to a psychiatrist, Dr. Robert Barnes, for additional treatment. Dr. Barnes diagnosed Mrs. Jones as suffering from Post Traumatic Stress Disorder resulting from the incident of September 28, 1984.
Mrs. Jones is unable to continue working as a home care nurse. She is afraid of strangers, especially black men. Several months after her ordeal, she fled in fear because some innocent black children were crossing her front lawn. In so doing, she became entangled in her dog's leash, fell and broke her leg. Mrs. Jones has been diagnosed as psychiatrically disabled and has remained under medical supervision.
The City fired Mrs. Jones after she failed to return to work. She filed for workers compensation benefits, but the City rejected her claim stating that the injury was not work related. Defendant also refused to pay Mrs. Jones' medical expenses. After the City formally rejected her claim, plaintiff filed this suit seeking compensation benefits. The trial court found that Mrs. Jones proved her claim by a preponderance of the evidence and awarded her temporary total disability payments of $243.00 per week.
MENTAL INJURIES AND COMPENSATION:
In Ferguson v. NDE, Inc., 270 So.2d 867 (La.1972), on remand, 274 So.2d 783 (La. App. 3rd Cir.1973), the Louisiana Supreme Court overruled its prior decision in Danziger v. Employers Mutual Liability Insurance Co. of Wisconsin, 245 La. 33, 156 So.2d 468 (La.1963), and stated: "To the extent that the Danziger case held that there can be no `accident' and no `injury' where the disability results soley from extraordinary mental or emotional causes, it is overruled." Ferguson, 270 So.2d at 870.
The facts of the Ferguson case show that the plaintiff suffered a stroke, or cerebral thrombosis, as a result of an angry discourse with his employer concerning his pay. The injury was physical, but its cause was emotional. The Court allowed recovery, holding that the disability was a result of an accident as defined by the compensation statute.
Using the Ferguson rationale, this Court held that a cause of action exists for compensation benefits where the injury is for *613 job related emotional disorder. Taquino v. Sears, Roebuck & Co., supra. The allegations in Taquino's petition asserted a mental condition due to being transferred from one store to another, a reduction in commissions and base pay, and "inordinate amount of pressure" from his superiors.
Defendant argues that this Court erroneously applied the Ferguson decision as a basis in the Taquino case. This argument is predicated on the fact that, although Ferguson suffered no immediate physical trauma, his resulting injuries were physical, whereas Taquino alleged neither physical trauma or resulting physical injuries. In support of its contention the City cites several First and Second Circuit decisions, as well as a literal reading of La.R.S. 23:1021(7).
In the First Circuit case of Sutherland v. Time Saver Stores, Inc., 428 So.2d 972 (La.App. 1st Cir.1983) the Court held that in order to recover compensation benefits for a mental disability there must exist some symptoms of injury, either at the time of the incident or subsequent thereto which naturally results from violence of the physical structure. That decision cited with approval the Second Circuit case of Franklin v. Complete Auto Transit Co., 397 So.2d 60 (La.App. 2nd Cir.1981), wherein the Court stated:
"Thus where a claimant does not show that a particular incident caused him an injury by violence to the physical structure of his body, a psychological disability resulting from the incident, however disabling, is not within the statutory meaning of injurypersonal injury." Id. at 62.

See also, Jordan v. Southern Natural Gas Co., 455 So.2d 1217 (La.App. 2nd Cir.1981) where compensation was denied an employee who suffered mental problems and psychosomatic illness after a perceived demotion in his job.
We note that these decisions are predicated on a strict interpretation of the statutory definition of injury set out in La.R.S. 23:1021(7) (formerly 23:1021(6)). That provision defines "injury" and "personal injury" to include only injuries to the physical structure of the body and such infections or diseases that naturally result therefrom. We do not adhere to the same strict interpretation as our brethren in the First and Second Circuit. If a worker suffers psychological disorders as a result of an unexpected or unforeseen event, i.e. an accident, during the course of employment, and that disorder results in disability, that worker is entitled to compensation benefits. See also, Guillot v. Sentry Insurance Co., 472 So.2d 197 (La.App. 5th Cir.1985) where our brethren of the Fifth Circuit allowed compensation benefits for a nervous breakdown sustained by a worker as a result of job related stress.
We therefore are of the opinion that plaintiff's mental disorders, even though not accompanied by physical trauma to the body, constitute an injury under the compensation statute. To hold otherwise would indeed create an "artificial barrier between work related injuries" Taquino, 438 So.2d at 627. We cannot ignore the scientific fact that mental disorders constitute an injury to the physical capabilities of a worker. This ruling, however, does not lessen an employee's burden of proving the existence of a disability and its causal connection with his employment by a preponderance of the evidence. We now address defendant's argument on this issue.
Mrs. Jones testified that she was fulfilling her duties as a home health care nurse when the incident occurred. Her treating psychiatrist, Dr. Barnes, stated that he "believes the cause [of her disability] was the incident which occurred on September 28, 1984, in which she was escorted from the project by the policeman and all the meaning that had to her."
That disability was further described by Dr. Scringer, a consulting psychiatrist, as post traumatic stress disorder directly related to the September 28, 1984 incident.
Both doctors stated that anxiety has physical concomitants such as shakiness, rapid heartbeat, dizziness and nausea, all of which Mrs. Jones experienced. The evidence also shows that she had no previous mental conditions. Dr. Barnes concluded that "at the present time she's totally disabled. *614 She's not able to work and that's psychiatrically disabled... She is depressed and is having fears, and I don't think she's able to work at this time."
"Where a claimant seeks workmen's compensation for neurotic disability, traumatic neurosis, et seq., such condition must be proven, as in any other disabling injury, by a preponderance of the evidence. Such condition must not only be shown to exist but also that it was causally connected with the work related accident." Andrus v. Rimmer & Garrett, Inc., 316 So.2d 433 (La.App. 3rd Cir.1975), at 436.
Defendants offered no medical evidence to the contrary.
We therefore conclude that Mrs. Jones has carried her burden of proof. She sustained an "unforeseen event" which happened during the course of her employment and which resulted in a psychiatric disability that prevents her from working. The injury to Mrs. Jones does no less violence to the physical structure of the body than a broken arm or leg.
For the reasons assigned, the judgment is affirmed.
AFFIRMED.