HIGHTOWER, Judge.
Plaintiff, George E. Clarke, appeals a summary judgment rendered against him in a worker’s compensation proceeding. For the reasons expressed, we reverse and remand.
BACKGROUND
Claiming to be totally disabled by work-related mental illness, plaintiff filed suit on October 5, 1988 against his employer, Tan-dy Corporation, d/b/a Radio Shack, and its insurer, CNA Insurance Co. Specifically, plaintiff, a store manager, alleged that he suffered “severe stress and anxiety” as a result of “several years of increasingly destructive criticism and treatment” by defendant Tandy. In accordance with the advice of his psychiatrist, plaintiff left the company’s employment in February 1988.
Defendants filed a motion for summary judgment, asserting that, as a matter of law, plaintiff was precluded from compensation benefits. Carefully construing the relevant statutory provisions, this court previously had found noncompensable a psychological disability, such as plaintiff’s, which was unrelated to any injury by violence to the body’s physical structure. Franklin v. Complete Auto Transit Co., 397 So.2d 60 (La.App. 2d Cir.1981). On the other hand, defendants forthrightly acknowledged that the Fourth Circuit had reached the opposite conclusion in so-called “mental-mental” cases. See, for example, Taquino v. Sears Roebuck and Co., 438 So.2d 625 (La.App. 4th Cir.1983), writ denied, 443 So.2d 597 (La.1983). Plaintiff, of course, relied on those favorable decisions.
After reviewing memoranda by counsel, the trial court appropriately followed this court’s previous interpretation of the law. Consequently, the motion was granted, and a May 25, 1989 judgment dismissed plaintiff’s demands. This appeal ensued.
*509 DISCUSSION
Of course, the legal principles regarding a summary judgment are well settled. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979). The burden of proof in a motion for summary judgment is on the mover to establish that there are no genuine issues of material fact. This is a heavy burden. Only when reasonable minds must inevitably concur is summary judgment warranted and any doubt should be resolved in favor of trial on the merits. Sargent v. Louisiana Health Service and Indemnity Co., 550 So.2d 843 (La.App. 2d Cir.1989); Ebarb v. Erwin, 530 So.2d 1166 (La.App. 2d Cir.1988). The mover’s pleadings, affidavits and documents are to be scrutinized closely while those of the opponent are to be indulgently treated. Toole v. Tucker, 519 So.2d 348 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1156 (La.1988). Summary judgment is not to be used as a substitute for a full trial of a controverted factual issue which is material to the decision of the case. The likelihood , that a party will be unable to prove his allegations at trial does not constitute a basis for entering summary judgment. Adams v. Traveler’s Ins. Co., 420 So.2d 507 (La.App. 2d Cir.1982), writ denied, 422 So.2d 426 (La.1982).
On June 19, 1989, during the pen-dancy of this appeal, our supreme court, in Sparks v. Tulane Medical Center Hospital and Clinic, 546 So.2d 138 (La.1989), affirmed a compensation award for a mental injury unaccompanied by any physical trauma. Thus, our earlier analysis of the statute is no longer viable. Because a change in the law brought about by judicial decision will be given effect in judgments on direct appeal, Friday v. Mutz, 483 So.2d 1269 (La.App. 4th Cir.1986), the trial court’s action must be evaluated in light of Sparks.
Despite the high court’s clarification of the law in Sparks, defendants argue that the opinion contains certain restrictive language which requires an affirmance of the judgment under review. In particular, the Supreme Court stated:
We emphasize, however, that a mere showing that a mental injury was related to general conditions of employment, or to incidents occurring over an extended period of time, is not enough to entitle the claimant to compensation. The mental injury must be precipitated by an accident, i.e., an unexpected and unforeseen event that occurs suddenly or violently.
546 So.2d 138, 147.
Such a limitation in the court’s holding, coupled with plaintiff’s allegation of injury caused by “several years of increasingly destructive criticism and treatment,” supports the position of defendants. Furthermore, the deposition of plaintiff's psychiatrist disclosed a lengthy history of mental illness, the etiology of which could not be conclusively determined.
In both oral argument and brief, plaintiff has stated that at trial he will be able to causally connect his mental ailment to an unexpected, sudden event. Of course, the existence vel non of a single precipitating event is a matter to be decided after both parties have had the opportunity to present evidence.
Admittedly, plaintiff’s petition contains somewhat general and unspecific assertions as to the origin of his mental injury. But, the pleading obviously was filed prior to the Sparks pronouncement of the above mentioned restriction or requirement in “mental-mental” cases. More importantly, though, that decision establishes a substantive rule concerning a claimant’s right of recovery, rather than a technical rule of pleading. Additionally, in passing on the motion for summary judgment, plaintiff’s pleadings must be treated indulgently. Toole v. Tucker, supra.
Under ordinary circumstances, a defendant may interpose a dilatory exception of vagueness when a petition lacks the re *510 quired specificity. However, such a procedural maneuver is no longer available in the case sub judice inasmuch as defendants, relying on this court’s jurisprudence and believing plaintiffs claim to be foreclosed as a matter of law, have previously filed an answer. LSA-C.C.P. Art. 928. Even so, defendants are now aware that plaintiff, in fact, does contend an unexpected, sudden event caused his problems, and any elucidation of the issues can be accomplished through further discovery.
Defendants finally argue that the deposition of plaintiff’s psychiatrist does not reveal any unexpected or unforeseen event, occurring violently, as the cause of the mental injury. Plaintiff’s petition, however, in adverting to “the diagnoses of your petitioner’s doctors,” indicates that more than one physician has been consulted. Thus, taking Sparks into account, material factual issues persist concerning the existence of “an accident” and its medical relationship to plaintiff’s condition.
CONCLUSION
In accordance with the foregoing discussion, the judgment appealed is reversed and the matter is remanded to the trial court for further proceedings in accordance with law. All costs of this appeal are to be borne by appellees.
REVERSED AND REMANDED.