544 So.2d 590 (1989)
Rita DUCHARME
v.
GARLAND BELONGIA and CNA Insurance Company.
No. CA 88 1933.
Court of Appeal of Louisiana, First Circuit.
May 16, 1989.
*591 Scott T. Gegenheimer, Baton Rouge, for Rita Ducharme.
Michael J. Harig, Baton Rouge, for Garland Belongia, CNA Ins. Co.
Before COVINGTON, C.J., and LOTTINGER and LeBLANC, JJ.
LOTTINGER, Judge.
Plaintiff, Rita Ducharme, filed this suit against defendants, Garland Belongia and American Casualty Company of Reading, Pennsylvania (CNA), seeking worker's compensation benefits for total permanent disability resulting from a traffic accident. The trial court held that the plaintiff's mental disability is non-compensable because it was not caused by any physical injury. Plaintiff appeals.

FACTS
On July 25, 1987, Rita Ducharme and her husband were traveling in an 18-wheel truck on Interstate 10 outside of Lake Charles, Louisiana, when their 18-wheeler collided with a car which had stopped in the traffic lane of the interstate. Mrs. Ducharme and her husband were a driving team hauling chemicals for Garland Belongia. Mrs. Ducharme was driving at the time of the accident, and her husband was sleeping in the back of the truck cab. While traveling down the interstate, Mrs. Ducharme noticed a smoky area near the roadway. It did not appear to be very thick at first, but after the truck was totally immersed in the smoke, visibility was zero. The truck violently struck the rear of a vehicle carrying four people. The car and truck burst into flames, and all four people in the car were killed. Mrs. Ducharme and her husband were able to escape from the truck before it burned. Numerous other collisions followed, with a total of fourteen vehicles involved.
As a result of the accident, Mrs. Ducharme was treated by a physician in Lake Charles for her anxiety. Later, Mrs. Ducharme developed a pain in her lower left flank and began passing blood in her urine. Her injury was diagnosed as a kidney contusion. In addition to the kidney contusion, Mrs. Ducharme suffered severe mental anxiety and, on the advice of her local physician, sought psychiatric treatment. Her psychiatrist, Dr. Charles Feigley, diagnosed Mrs. Ducharme as suffering from a post-trauma stress disorder and stated that she could not return to work at that time as a truck driver. The parties have stipulated that Mrs. Ducharme was in the course and scope of her employment at the time of the accident.
After a trial on the merits, the trial court found Mrs. Ducharme's mental disorder was not an "injury" within the meaning of La.R.S. 23:1021(7), and thus, not compensable under the Louisiana Worker's Compensation *592 Law. The plaintiff appeals this holding.

ASSIGNMENTS OF ERROR
The plaintiff contends that the trial court erred in:
1. not awarding worker's compensation benefits for her physical injury;
2. denying worker's compensation benefits for her mental injuries;
3. denying her claim for penalties, attorney's fees and costs for defendants' arbitrary and capricious refusal to pay compensation benefits under Louisiana Worker's Compensation Law; and
4. refusing to admit Exhibit Ducharme 100 and Exhibit Ducharme 101.

ASSIGNMENT OF ERROR NO. 1
The plaintiff complains that the trial court erred in not awarding benefits for the physical injuries she sustained. On July 28, 1987, Mrs. Ducharme visited her family physician, Dr. Woodworth. At this time, he found nothing physically wrong with Mrs. Ducharme. However, because of her vacant stare, feeling of worthlessness, and her crying, he felt that she needed to see a psychiatrist. On August 10, 1987, Mrs. Ducharme returned to Dr. Woodworth because of blood in her urine and pain in her lower left flank. At this time Mrs. Ducharme was diagnosed as suffering from a kidney contusion. Inasmuch as Dr. Woodworth opined that the kidney contusion was caused by the accident, CNA must pay her medical bills for this injury in accordance with La.R.S. 23:1203. Thus, the trial court erred in denying recovery for these medical expenses.

ASSIGNMENT OF ERROR NO. 2
The plaintiff next complains that the trial court erred in denying worker's compensation benefits for her mental injuries. On July 28, 1987, Dr. Woodworth recommended that Mrs. Ducharme see a psychiatrist and prescribed a medication for her anxiety. Shortly thereafter, Mrs. Ducharme began seeing Dr. Charles Feigley, a psychiatrist. She was suffering from a recurrent recollection of the event, a feeling of detachment or derangement, an exaggerated startle response, an inability to sleep, crying, and a fear of driving an 18-wheel truck. He was of the opinion that Mrs. Ducharme was suffering from post-trauma stress disorder, that the disorder was caused by the accident in question, and that Mrs. Ducharme was unable to hold down any job because of the mental disorder.
Thus, the basic issue is whether this type of injury or disability is covered under the Louisiana Worker's Compensation Law.
Louisiana allows recovery for "personal injury by accident arising out of and in the course of ... employment...." La.R.S. 23:1031.
"Injury" is defined as including "only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, however caused or contracted." La.R.S. 23:1021(7). [Emphasis added.]
"Accident" is defined as "an unexpected or unforeseen event happening suddenly or violently, with or without human fault, and producing at the time objective symptoms of an injury." La.R.S. 23:1021(1).
This court has little trouble concluding that a 14 car vehicular collision in which at least four people were killed is an accident within the meaning of Louisiana law. There is no question as to the sudden and violent nature of such an event.
Therefore, we must determine whether the post-trauma stress disorder is included in the definition of injury. Mrs. Ducharme sustained severe violence to the physical structure of her body. She was no doubt violently thrown about the cab as her 18-wheel truck struck the back of the stopped automobile. Naturally flowing from this event were two types of injuriesa kidney contusion and a mental disorder. Dr. Woodworth testified that the kidney contusion resulted directly from the accident. Further, Dr. Feigley testified that the post-trauma stress disorder was a direct result of the accident. Therefore, we find that *593 both of these injuries are "injuries" within the meaning of Louisiana law.
Defendants cite Sutherland v. Time Saver Stores, Inc., 428 So.2d 972 (La.App. 1st Cir.1983), for the proposition that Mrs. Ducharme cannot recover for her mental injuries. However, this case is distinguishable because the plaintiff in Sutherland suffered no traumatic physical episode. Ms. Sutherland was merely escorted out of a Time Saver Store by a robber who may or may not have placed his hand on her neck in the process.
The case at hand is much more closely aligned with Thum v. MRO Services Company, Inc., 430 So.2d 1298 (La.App. 1st Cir.), writ denied, 434 So.2d 1092 (La.1983). In Thum, the plaintiff was seeking worker's compensation benefits for post traumatic stress disorder he sustained as a result of a chemical spill. Therein, Judge Shortess of this court stated:
"In order to recover, plaintiff must establish a causal connection between his disability and the accident. However, `(c)ausation is not necessarily and exclusively a medical conclusion. It is usually the ultimate fact to be found by the court, based on all the credible evidence.' Haughton v. Fireman's Fund Am. Ins. Companies, 355 So.2d 927 (La.1978) at 928." Thum, 430 So.2d at 1301-02.
The court then found the plaintiff's post traumatic stress disorder was caused by the exposure to phosgene gas. The case at hand and Thum are alike in that plaintiffs sustained a violence to the physical structure of the body, and as a result of their respective physically traumatic accidents, sustained severe mental injuries.
In the case at hand, Dr. Feigley's testimony that the accident caused the post traumatic stress disorder was unrebutted. Therefore, we find Mrs. Ducharme's mental injuries "injury by accident" within the meaning of La.R.S. 23:1031.
Having concluded that Mrs. Ducharme's mental and physical injury are covered under the Louisiana Worker's Compensation Law, we must now determine the extent of the disability. The plaintiff argues that she is totally and permanently disabled. According to La.R.S. 23:1221(2)(c), "total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character...."
Before the 1983 amendments to the above statute, if an employee was shown to be totally disabled at the time of trial, and the disability was of indefinite duration, the employee was entitled to benefits for total permanent disability as opposed to those for temporary total disability. See Walker v. Gaines P. Wilson & Son, Inc., 340 So.2d 985 (La.1976). The 1983 amendments to the Louisiana Worker's Compensation Law legislatively overruled this jurisprudential principle. The language of the amendments makes clear the court must find permanent disability unaided by any presumption.
In the case at hand, Dr. Feigley testified that he does not know whether the post traumatic stress disorder will resolve itself. He stated that plaintiff is in sort of a limbo at the moment and that she will stay there. However, he was of the opinion that she would benefit by future treatments. He also stated that she might be able to return to her prior job of bartending.
Without the pre-1983 presumption, the testimony presented at trial falls short of establishing total permanent disability by clear and convincing evidence. Although it appears likely that Mrs. Ducharme will not return to truck driving, she may at some time in the future return to other work. Therefore, we conclude that Mrs. Ducharme is temporarily totally disabled within the meaning of La.R.S. 23:1221(1) (as it appeared before Act 938 of 1988) and is entitled to disability benefits as therein provided.

ASSIGNMENT OF ERROR NO. 3
The plaintiff next assigns error to the trial court's denial of her claim for penalties, attorney's fees, and costs for defendants' arbitrary and capricious refusal to pay compensation benefits under the Louisiana Worker's Compensation Law.
*594 There are two penalty provisions applicable to the case at hand. La.R.S. 23:1201(B) and (E) provide that if the first installment of compensation payable for temporary total disability is not paid on the fourteenth day after the employer has knowledge of the injury, there shall be added to such unpaid installment a penalty of twelve percent unless the employee's right to such benefit has been reasonably controverted by the employer or his insurer.
La.R.S. 23:1201.2 provides that failure to make compensation payments "within sixty days after receipt of [written] notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject employer or insurer, in addition to the amount of the claim due, to payment of all reasonable attorney's fees for the prosecution and collection of such claim...."
Prior to the 1983 amendments to the Louisiana Worker's Compensation Law, it was necessary to determine whether an insurer was arbitrary and capricious in its failure to pay a claim timely before a penalty could be imposed. Under the new statutory scheme, the insurer must pay the penalty unless the employee's right to a benefit has been "reasonably controverted." La.R.S. 23:1201(E).
In the case at hand, a reasonable controversy existed over the question of whether disability caused by post-trauma stress disorder was covered under the Louisiana Worker's Compensation Law. Therefore, no penalty can be awarded against the employer or its insurer for their failure to pay temporary total disability benefits.
With respect to attorney's fees, La.R.S. 23:1201.2 retains the arbitrary and capricious standard even after the 1983 amendments. In accordance with our finding that a reasonable controversy existed over the payment of benefits for the post-trauma stress disorder, we also find that CNA was not arbitrary and capricious with respect to the payment of benefits for that injury. Demand was made on CNA on December 17, 1987, for payment of the medical bills associated with the kidney contusion. The parties stipulated that no benefits were paid until the date of trial. There is absolutely no reason for CNA's failure to pay these bills. Therefore, we find that CNA was arbitrary and capricious in their failure to pay. Accordingly, CNA is liable for all reasonable attorney's fees associated with the prosecution and collection of the medical bills incurred as a result of the kidney contusion. Because we are unable to distinguish on the present record those attorney's fees associated with the claim for mental injuries and those associated with the kidney contusion, the case is remanded to the trial court to determine the appropriate attorney's fees.

ASSIGNMENT OF ERROR NO. 4
The plaintiff next assigns error to the trial court's refusal to admit Exhibit Ducharme 100 and Exhibit Ducharme 101. This assignment of error is moot in light of our disposition of Assignments of Error 2 and 3.
Therefore, the trial court is reversed in its finding that mental injuries are not covered under the Louisiana Worker's Compensation Law. CNA is ordered to pay all past and future medical expenses associated with the accident for both mental and physical injuries, as well as benefits for temporary total disability commencing the day of the accident and continuing until Mrs. Ducharme is released by her psychiatrist to return to work. Inasmuch as the record contains no indication of the average weekly wage of all employment subject to the Louisiana Employment Security Law necessary to determine the maximum benefits payable in accordance with La.R.S. 23:1202, the case is remanded to the trial court for a determination of the amount of Mrs. Ducharme's weekly benefit. Also on remand the trial court is to determine and award the appropriate attorney's fee for the prosecution and collection of the medical bills associated with Mrs. Ducharme's kidney contusion. Defendants are to pay all costs.
REVERSED, RENDERED IN PART, AND REMANDED.