SCHOTT, Chief Judge.
In this worker’s compensation case the Office of Worker’s Compensation of the Department of Labor (OWC) awarded plaintiff weekly benefits for temporary total disability from March 30, 1988 “until he is physically able to return to [work].” Defendants, his employer and insurer, did not object to the award and paid him until October 5, 1988, when they discontinued the payments on the basis of medical reports that he could return to work. Granting plaintiff’s motion for summary judgment, the trial court awarded a lump sum to cover accrued, unpaid benefits plus interest, penalties, and attorney fees. Defendants have appealed and plaintiff answered the appeal to recover certain medical expenses for which defendants had declined to pay. The principal issue is whether defendants were entitled unilaterally to discontinue plaintiff’s benefits.
After seeing several physicians and attempting to work off and on plaintiff, on referral by defendants, saw Dr. Appleb-aum, a neurosurgeon, in June who concluded that plaintiff was disabled from working. On August 22, Dr. Applebaum concluded that plaintiff had no neurological impairment. Also at defendant’s request, plaintiff saw Dr. Steiner, an orthopedic surgeon, who on September 15 concluded that plaintiff was not disabled from working. On the basis of these reports defendants discontinued benefits. On October 4, 1988 plaintiff on his own, saw Dr. Watermeier, an orthopedic surgeon, who diagnosed lumbar disc disease and recommended further testing and treatment and light duty work only. In November, 1988, plaintiff filed suit to enforce OWC’s compensation award and to collect $745 for medical expenses he incurred with Dr. Watermeier. On plaintiff’s motion for summary judgment the trial court awarded the unpaid benefits but denied recovery for the medical bills.
LSA-R.S. 23:1331 provides that any time after six months from the date of acceptance by the parties of an OWC recommendation the award is subject to review and modification upon application of either party. The trial court apparently concluded that defendants were obliged to apply for a modification of the award in order to terminate benefits. Defendants argue that the award was self-operative, entitling them to discontinue benefits when they were advised by their physicians that plaintiff was physically able to return to work. The trial court’s judgment is correct and consistent with Buras v. Schwegmann Giant Supermarkets Inc., 538 So.2d 1034 (La.App. 4th Cir.1989), writ denied 541 So.2d 855. As observed in Weatherall v. Duhon’s Elec. Service, 490 So.2d 756 (La.App.3d Cir.1986) the employer cannot force the employee to take back to OWC the issue of a right the employer claims warrants termination of payments. The burden of placing the issue before OWC is more properly upon the shoulders of the employer. Since defendants were without the right to terminate benefits the trial court properly awarded unpaid benefits with interest.
Next defendants contend that the award of penalties and attorney fees was unwarranted. R.S. 23:1201(E) provides that the penalty is to be added when an installment is not paid on time, but when the employee’s right to benefits has been “reasonably controverted” by defendants the penalties shall not apply. R.S. *612 23:1201.2 conditions liability for attorney fees on a finding that the behavior of the defendants was arbitrary, capricious, or without probable cause.
Defendants take the position that theirs was a reasonable interpretation of OWC’s award. To make payments until plaintiff was physically able to return to work meant that they were free to terminate benefits when they had medical advice that plaintiff was able to work. However, the award is not so clear cut that defendants could ignore the statute which enabled them to have OWC review its award and thereby avoid the risk of being penalized. We are not pursuaded that this award was manifestly erroneous or abusive of the trial court’s discretion.
Plaintiff argues entitlement to the $745, but an issue of material fact emerges from the record which properly precludes this award by summary judgment. C.C.P. art. 966. R.S. 23:112 gives an injured employee the right to select a physician of his choice. Before seeing Dr. Watermeier plaintiff had seen a Dr. Whitecloud. Defendants contend that plaintiff selected Dr. Whitecloud whose bills they paid and that plaintiff was not entitled to have the bills of Dr. Watermeier paid by them since the latter was his second choice. In his affidavit defendants’ claims specialist stated that plaintiff saw Dr. Whitecloud “as a result of his own decision” indicating that Dr. Whi-tecloud was the physician of plaintiff’s choice under the statute; but in a letter to that same claims specialist, Dr. Whitecloud said that plaintiff was seen by him “at your request”. In the light of this clear conflict of fact the trial court properly denied the motion for summary judgment as to this item.
Plaintiff seeks an increase in the attorney fees to cover services of the attorney on appeal, but in his answer to the appeal plaintiff acknowledges that the judgment appealed from is correct in all respects except regarding Dr. Watermeier’s bills and he prayed only for an amendment of the judgment to include this item. The answer of an appellee is equivalent to an appeal on his part from any portion of the judgment of which he complains in the answer. C.C.P. art. 2133. Since he narrowly limited his answer to the issue of Dr. Watermeier’s bill the claim for an increase in attorney fees is not properly before the court.
Accordingly, the judgment is affirmed at the cost of appellants and the case is remanded for further proceedings in connection with Dr. Watermeier’s bill.
AFFIRMED AND REMANDED.