650 So.2d 237 (1995)
William COATES, Sr.
v.
BYRD CONSTRUCTION SERVICES, INC. and Liberty Mutual Insurance Company.
No. 94-C-2989.
Supreme Court of Louisiana.
February 9, 1995.
PER CURIAM[*].
Writ granted. The applicant was injured during the course and scope of his employment on March 24, 1988. The determination of the benefits available to applicant under the Worker's Compensation Act is governed by the laws in effect at the time of his injury. See La.C.C. art. 6 (West 1993); Behmke v. K-Mart Corp., 581 So.2d 291 (La.App. 5th Cir.1991). At the time applicant was injured, the odd lot doctrine, which permitted courts to make disability determinations in light of a claimant's physical condition, mental capacity, education, training, age and other factors, Lattin v. Hica Corp., 395 So.2d 690, 693 (La.1981), applied to temporary total disability determinations. See La.R.S. 23:1221(1) (West 1985 and 1995 Supp.); Bradley v. Arnold Lege Alligator Farm, 625 So.2d 591, 595 n. 2 (La.App. 3rd Cir.1993). Neither the worker's compensation hearing officer, nor the First Circuit Court of Appeal, 646 So.2d 531, applied such an analysis in this case.
The case is remanded to the court of appeal in order for it to consider whether the applicant's physical condition, in conjunction with his mental aptitude and training, render him temporarily totally disabled under the odd lot doctrine. The court of appeal should additionally determine whether the hearing officer was manifestly erroneous in finding that "[f]rom 1976, until the time of the claimant's injury on March 24, 1988, he has had three back surgeries," rather than finding that the back surgeries resulted from applicant's work-related injury. If so, the court of appeal should consider whether the hearing officer's erroneous finding of fact affected its finding that applicant is not permanently totally disabled.
Reversed and remanded.
NOTES
[*] Watson, J., not on panel. Rule IV, Part 2, § 3.