MAX N. TOBIAS, Jr., Judge.
 

 |¶ Marilyn Jones (“Jones”) appeals a judgment that denied enforcement of a workers’ compensation judgment rendered in 1986 for injuries that she sustained in 1984. At the time her suit was originally filed, workers’ compensation cases were heard by district courts of this state. For the reasons that follow, we reverse the judgment of the trial court and remand this matter for further proceedings relating to Jones’ motions for contempt, attorney’s fees, penalties, and costs.
 

 The facts are undisputed. Jones, a home health care nurse for the City of New Orleans (“the City”), claimed she was entitled to workers’ compensation benefits as a result of an incident that occurred on 1 October 1984, during the course and scope of her employment. The City rejected her claim and refused to pay her medical expenses asserting that her injury was not work related. Thereafter, Ms. Jones filed suit seeking compensation benefits pursuant to the Louisiana Workers’ Compensation Act (“LWCA”). On 17 December 1986, having found Jones carried her burden of proof,
 
 ie.,
 
 she sustained an unforeseen event (injury) that happened during the course and scope of her employment resulting in a psychiatric disability preventing her from working, the district court issued judgment in favor of Jones and against the City awarding Ms. Jones’ 12temporary total disability benefits “at the rate of $248.00 per week, beginning 28 September 1984, until the disability ceases, together with legal interest on each installment from its due date, until paid, and for all costs.” The City appealed; this court affirmed and the Supreme Court denied writs.
 
 Jones v. City of New Orleans,
 
 514 So.2d 611 (La.App. 4th Cir.),
 
 writ denied,
 
 515 So.2d 1111 (La.1987).
 

 On 22 February 1988, Jones filed a motion to enforce the 17 December 1986 judgment seeking an order holding the City in contempt for its failure to pay past due benefits totaling $44,392.00, legal interest thereon, all medical expenses, costs incurred to date, and ordering the City to begin paying compensation benefits of $248.00 per week. The record on appeal does not reflect that this motion was ever tried or if a judgment was ever rendered.
 

 The City eventually began paying weekly temporary total disability benefits to Jones in compliance with the 1987 judgment, but ceased making payments on 3 January 2003.
 

 Jones filed a motion to enforce the 1987 judgment, in addition to seeking other remedies, with the Louisiana Workforce Commission (“LWC”) (formerly the “Office of Workers’ Compensation”). The City filed an exception on the ground that the LWC did not have subject matter jurisdiction over the enforcement of the judgment.
 
 [1]
 
 Thereafter, on 20 August 2008, Jones filed a similar motion in the Civil District Court; the Civil District Court’s judgment forms the basis of the ^present appeal.
 
 [2]
 
 The City sought dismissal of
 
 *521
 
 Jones’ district court action asserting the exceptions of no right of action, prescription, and
 
 res judicata.
 

 Trial of the exceptions was held on 24 October 2008. The City argued that Jones’ right to enforce the 1987 consent judgment no longer existed because the judgment was not revived within ten years of its signing as required by La. C.C. art. 3501 and La. C.C.P. art. 2031, respectively. The City also contended that Jones’ right to enforce that judgment was prescribed, as was her underlying claim. Finally, the City asserted that because Jones’ claim against the City was previously litigated and reduced to judgment, all issues covered by that judgment were
 
 res judicata.
 

 On 25 November 2008, the trial court rendered judgment maintaining the City’s exceptions and denying Jones’ motions without assigning written reasons. This timely appeal followed.
 

 I.
 

 We first address the proper prescriptive period to be applied to a motion to enforce the payment of workers’ compensation benefits when the amount and type of disability have been reduced to judgment and where the employer is ordered to pay benefits “until the disability ceases.” We note that the LWCA does not specifically provide a prescriptive period for filing of a motion to enforce a judgment ordering the payment of benefits. We hold that the ten-year prescriptive period found in La. C.C. art. 3499 applies.
 
 See Lester v. Southern Cas. Ins. Co.,
 
 466 So.2d 25 (La.1985)
 
 (legislatively
 
 overruled). Because Jones’ motion to enforce the 1987 judgment was filed within the ten-year prescriptive period, we |4find the trial court erred when it granted the City’s exception of prescription as well as the exceptions of
 
 res judicata
 
 and no right of action.
 

 The City argues that the judgment awarding Jones workers’ compensation disability benefits is a money judgment subject to the revival requirements set forth in La. C.C. art. 3501.
 
 [3]
 
 They assert that because Jones failed to revive the judgment within ten years from the date the judgment became final, the judgment lapsed or prescribed and is, therefore, unenforceable. We disagree.
 

 (This argument forms the basis of the City’s exception of no right of action, to-wit, one has no right of action to seek enforcement of a lapsed judgment. Assuming the City’s position to be accurate, we note this means the City gratuitously paid Jones weekly benefits for five years with no legal obligation to do so.)
 

 In support of its position that a workers’ compensation judgment is a “money judgment,” the City contends that the LWCA instructs that a judgment is given the same force and effect as a judgment of a district court, citing La. R.S.
 
 *522
 
 23:1201.3.'
 
 [4]
 
 The fallacy of the City’s argument lies in the fact that a workers’ |,^compensation judgment awarding disability benefits into the future
 
 “until the disability ceases
 
 ” is not a money judgment for a sum certain subject to the revival requirements of La. C.C. art. 3501. A workers’ compensation judgment awarding weekly disability benefits is an award of the payment of future sums of money for an indefinite period of time contingent upon the disabled worker remaining disabled and alive. Until such time as Jones is judicially determined to be no longer disabled or dies, the judgment remains viable without any duty or obligation on her behalf to revive it. An employer (judgment debtor) is not entitled to unilaterally discontinue the payment of disability benefits to an injured employee without first seeking court intervention.
 
 See Constantine v. Home Insurance Company, 555
 
 So.2d 610, 611 (La.App. 4th Cir.1989);
 
 Broussard v. Lafayette Parish School Board,
 
 06-268, p. 14 (La.App. 3 Cir. 9/27/06), 939 So.2d 662, 672. JgOnly that portion of a judgment, such as that in the case at bar for $44,392.00 and legal interest, representing
 
 cumulated past
 
 weekly benefits resulting from the 22 February 1988 motion, would constitute a money judgment.
 

 In further support of our conclusion, we note the similarity to a judgment awarding workers’ compensation benefit to a judgment awarding child support. Both provide an amount to be paid on a scheduled periodic basis into the future. The legislature specifically distinguished child support judgments from money judgments in La. C.C. art. 3501.1 pertaining to actions to make arrearages of child support execu-tory.
 
 [5]
 
 Because each installment owed under a child support judgment is a distinct and separate obligation, when an installment goes unpaid, it remains due for ten years, but the collection of it is barred by the liberative prescriptive of ten years.
 
 See also
 
 La. C.C. art. 3447. Stated another way, a judgment awarding periodic support does not automatically lapse if not revived every ten years.
 

 We hold the same principles apply to workers’ compensation judgments
 
 *523
 
 awarding weekly indemnity benefits until the disability ceases; the obligation of an employer to continue weekly payments is ongoing and does not lapse, until a judicial determination is made that the claimant is no longer disabled or the claimant dies, and such judgment need not be revived every ten years.
 
 [6]
 
 Therefore, 17we find the 1987 judgment awarding Jones weekly indemnity benefits was not, and has not, lapsed.
 

 The duty of the City to pay indemnity benefits to Jones was ongoing at a rate of $248.00 per week until such time as her “disability cease[d].” La. C.C. art. 1807 provides that “[a]n obligation is conjunctive when it binds the obligor to multiple items of performance that may be separately rendered or enforced. In that case, each item is regarded as the object of a separate obligation.” Under Louisiana law, when sums of money are due periodically, such as rental payments when there is no acceleration provision, “prescription runs separately for each installment or rental payment owed.” 5 La. Civ. L. Treatise, Law of Obligations 8.14 (2d ed.2001). The judgment in the instant case sets forth multiple separate obligations by requiring that a separate indemnity payment be made each week to Jones until such time as her disability ceases. Therefore, we find that each disability benefit has its own separate and distinct prescriptive period.
 

 The City argues that Jones’ motion to enforce the 1987 judgment is prescribed. According to the exceptions filed by the City, Jones filed the motion to enforce the 1987 judgment on 20 August 2008, based upon the City’s unilateral termination of her weekly disability benefits on 3 January 2003. La. R.S. 23:1209
 
 [7]
 
 provides the prescriptive periods applicable to actions filed under the LWCA.
 

 |,Un a worker’s compensation case, the law in effect at the time of the compen-sable injury is controlling.
 
 Maschek v. Cartemps USA,
 
 p. 4 (La.App. 4 Cir. 2/16/05), 896 So.2d 1189. The injury on which Jones’ claims are based occurred in 1984; therefore, the law in effect at that time is applicable. La. R.S. 23:1209(A) provides that the parties have one year from the date of the accident causing injury or death within which to agree upon the type of payments to be made or for the claimant to file a formal claim for benefits.
 
 *524
 
 Where benefits have been paid pursuant to an agreement between the parties, the claimant has one year from the date of the last payment made pursuant to the agreement to file an action, or three years from the date of the last payment if it concerns a claim for supplemental earning benefits. Additionally, for injuries that do not immediately become symptomatic after an accident, a claimant has one year from the date the symptoms materialize, but in no event more than two years from the date of the accident. In 1985, the legislature adopted the present La. R.S. 23:1209(0), which provides that the parties have one year from the date of the accident causing injury to agree upon the payment of medical benefits or for the claimant to file a formal claim for medical benefits. In the event medical payments have been paid, a claimant has three years from the date of the last medical payment made to file suit. In 1988 the legislature added La. R.S. 23:1209(D), which provides that when a petition for compensation has been initiated, a claimant has five years from the date the petition is initiated to request a hearing or the claim will be dismissed for want of prosecution.
 
 Cfi,
 
 La. C.C.P. art. 561.
 

 IgA review La. R.S. 23:1209, both currently and in effect at the time of Jones’ 1984 injury reflects that the prescriptive periods set forth in Paragraph A pertaining to indemnity benefits are applicable solely to claims resulting from the termination of benefits made pursuant to an agreement between the parties and are inapplicable to the termination of benefits ordered pursuant to a judgment.
 

 In
 
 Lester v. Southern Caves. Ins. Co.,
 
 466 So.2d 25 (La.1985), the Supreme Court considered the applicability of the period of limitations of Paragraph A to medical expenses. At the time of the 1985 case, La. R.S. 23:1209 did not contain Paragraph C, relating to medical expenses. In considering the language of Paragraph A, the Court concluded that La. R.S. 23:1209 was applicable only to recoveiy of indemnity benefits. With regard to medical expenses, the Court explained that in the absence of language specifically related to recovery of such expenses, the ten-year limitation period for personal actions set forth in the Louisiana Civil Code was applicable.
 
 [8]
 
 Though
 
 Lester
 
 has been legislatively overruled, the logic employed by the Court therein
 
 (ie.,
 
 where the statute is silent as to a specific period of limitation) applies in the case before us.
 

 Because the prescriptive period for filing a claim for the termination of indemnity benefits set forth in Paragraph A applies to benefits paid pursuant to an agreement and do not apply to the termination of benefits made pursuant to a judgment, and the statute is silent as to a prescriptive period pertaining to the latter, we hold that the ten-year limitation period set forth in La. C.C. art. 3499 controls.
 
 [9]
 
 | mThus, employing the legal principles discussed above, the ten-year prescriptive period commences to run from the date each weekly indemnity benefit becomes due and owing. Therefore, for each week that passes -without Jones receiving a weekly payment of compensation, a ten-year prescriptive period begins to run enabling her to seek enforcement of the payment of that unpaid benefit under the judgment.
 

 The City unilaterally terminated the payment of weekly benefits to Jones on 3 January 2003. Therefore, Jones has ten
 
 *525
 
 years from 3 January 2003 to seek recovery of that unpaid weekly benefit, or until 3 January 2013, and ten years for each weekly payment due thereafter from the date it fell. Accordingly, the filing of Jones’ motion to enforce the 1987 judgment on 20 August 2008, well within ten years from the date of any payment that remained unpaid, was timely. The trial court erred in maintaining the City’s exception of prescription.
 

 The trial court also granted the City’s exception of
 
 res judicata,
 
 which the City filed arguing that because the judgment underlying Jones’ claims that resulted in a consent judgment that became final on 11 December 1987, was lapsed and unenforceable, any attempt by Jones to reurge the claims is barred by La. R.S. 13:4231.
 

 La. R.S. 13:4231 provides that “[ejxcept as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
 

 (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
 

 (2) If the judgment is in favor of the defendant, all cause of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the 1 nlitigation are extinguished and the judgment bars a subsequent action on those cause of action.
 

 (3)A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined it is determination was essential to that judgment.
 

 Because the 1987 judgment has not prescribed and remains enforceable, we find the trial court erred in granting the City’s exception
 
 oí res judicata.
 

 [10]
 

 Accordingly, we reverse the trial court’s granting of the City’s exceptions of no right of action, prescription and
 
 res judica-ta,
 
 and render judgment in favor of Jones granting her motion to enforce the 1987 judgment.
 

 Ms. Jones contends the trial committed legal error by denying her motion for contempt, costs, and attorney’s fees. Specifically, she seeks acceleration of her benefits pursuant to La. R.S. 23:1333, which provides that a claimant is entitled to have the future ongoing indemnity benefits accelerated without any discount allowed to the employer, if the employer has refused to pay six successive installments of indemnity benefits. Jones argues that due to the indefinite duration of temporary total disability benefits awarded and considering her age, limitations, and extent of disability, she likely qualifies under the “odd-lot” doctrine
 
 [11]
 
 and the trial court should have awarded her accelerated benefits for her 19-year life expectancy. Additionally, she contends the trial court erred in failing to conclude that the City was in constructive contempt for not paying ongoing eompen-sation |i2benefits without first seeking a
 
 *526
 
 judicial determination that she was able to return to some type of work and a modification of the judgment based thereon.
 

 Because we find that the trial court erred in maintaining the City’s exceptions of no right of action, prescription, and res judicata, and that the 1987 judgment remains in full force and effect with weekly benefits due and owing, we remand the matter for further proceedings in order that the trial court may properly calculate the proper amount past due sums and the legal interest thereon, to address the issue of the City’s contempt, attorney’s fees and cost, and to determine whether Ms. Jones qualifies under the “odd-lot” doctrine and/or is entitled to an acceleration of benefits.
 

 For the foregoing reasons, we reverse the trial court’s granting of the City’s exceptions of no right of action, prescription, and res judicata, render judgment in favor of Ms. Jones maintaining her motion to enforce the 1987 judgment, and remand the matter for fimther proceedings in accordance with this opinion.
 

 [1]
 

 . At oral argument, counsel for both parties acknowledged ongoing proceedings between the parties with the LWC regarding Jones’ workers’ compensation claim because the City terminated payment of benefits in 2003.
 

 [2]
 

 . The motions filed by Jones in the district court are not part of the appellate record; however, the record does contain the exceptions to the motions filed by the City. Accordingly, by virtue of the exceptions and subse
 
 *521
 
 quent judgment thereon, we infer that Jones' motions were filed.
 

 [3]
 

 . Civil Code article 3501 states in pertinent part:
 

 A money judgment rendered by a trial court of this state is prescribed by the lapse of ten years from its signing if no appeal has been taken, or, if an appeal has been taken, it is prescribed by the lapse of ten years from the time the judgment becomes final.
 

 Any party having an interest in a money judgment may have it revived before it prescribes, as provided in Article 2031 of the Code of Civil Procedure. A judgment so revived is subject to the prescription provided by the first paragraph of this Article. An interested party may have a money judgment rendered by a court of this state revived as often as he may desire.
 

 [4]
 

 . La. R.S. 23:1201.3 states in pertinent part:
 

 A. If payment of compensation or an installment payment of compensation due under the terms of an award, except in case of appeals from an award, is not made within ten days after the same is due by the empkp'er or insurance carrier liable therefor, the workers' compensation judge may order a certified copy of the award to be filed in the office of the clerk of court of any parish, which award whether accumulative or lump sum, when recorded in the mortgage records, shall be a judicial mortgage as provided in > Civil Code Article 3299. Any compensation awarded and all payments thereof directed to be made by order of the workers' compensation judge shall bear judicial interest from the date compensation was due until the date of satisfaction. The interest rate shall be fixed at the rate in effect on the date the claim for benefits was filed with the office of workers’ compensation administration.
 

 B. Upon the filing of the certified copy of the workers’ compensation judge’s award a writ of execution shall issue and process shall be executed and the cost thereof taxed, as in the case of writs of execution, on judgments of courts of record, as provided by the Louisiana Code of Civil Procedure.
 

 D. The provisions of this Section relating to the execution and process for the enforcement of awards shall be and are cumulative to other provisions now existing or which hereafter may be adopted relating to liens or enforcement of awards or claims for compensation.
 

 [5]
 

 . Pursuant to La. C.C. art. 3501.1, child support judgments are not subject to the revival requirements pertaining to money judgments as set forth in La. C.C. art. 3501.
 

 [6]
 

 . Jones suggests that her judgment awarding her benefits is "perpetual.” We disagree. Rather we find that the judgment awarding benefits "until the disability ceases” merely requires the City to continue making weekly indemnity benefits to Jones until such time as it is judicially determined that she is either able to return to some sort of employment or is determined to be permanently disabled.
 
 Smith v. Phillip Morris, U.S.A.,
 
 02-0103, pp. 7-8 (La.App. 1 Cir. 12/20/02), 858 So.2d 443, 449.
 

 [7]
 

 . At the time that Jones' cause of action arose, La. R.S. 23:1209 read:
 

 In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of malting the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3,), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not "take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
 

 [8]
 

 . Subsequent to
 
 Lester,
 
 the legislature recognized the decision by adding Paragraph C to La. R.S. 23:1209, setting forth a specific limitation period for recovery of medical expenses.
 

 [9]
 

 . La. C.C. art. 3499 states
 
 that
 
 "[ujnless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.”
 

 [10]
 

 . Moreover, we agree with Ms. Jones that the doctrine of
 
 res judicata
 
 applies against the City in this case. Specifically, it is the City that cannot avoid the mandates of the prior judgment ordering it to pay weekly indemnity benefits until the disability ceases without seeking and being granted a modification.
 

 [11]
 

 . At the time Jones was injured, the odd-lot doctrine permitted a court to make disability determinations in light of a claimant's physical condition, mental capacity, education, training, age, and other factors, applying temporary total disability determinations. See La. R.S. 23:1221(1) (West 1985 and 1995
 
 *526
 
 Supp.);
 
 see Coates v. Byrd Const. Services,
 
 94-2989 (La.2/9/95), 650 So.2d 237.