PER CURIAM.
 

 pin this workers’ compensation action, plaintiff, Gwendolyn Smith, appeals the trial court’s judgment granting exceptions of prescription,
 
 res judicata,
 
 and no right of action in favor of her former employer, Orleans Parish School Board (OPSB). Smith also appeals the trial court’s denial of her motion to enforce judgment, acceleration of benefits, and post judgment penalties. For the reasons set forth below, we reverse and remand.
 

 STATEMENT OF FACTS AND PROCEDURAL HISTORY:
 

 On January 21, 1980, Smith sustained a work related injury while employed for OPSB. Smith’s workers’ compensation claim was litigated in the Civil District Court for the Parish of Orleans.
 
 [1]
 
 On June 22, 1994, a consent judgment was rendered, ordering OPSB to begin paying Smith $149.00 in weekly compensation benefits “continuing into the future until modified.” OPSB terminated the payments on September 20, 2006.
 

 On February 12, 2008, Smith filed a Disputed Claim for compensation with the Office of Workers’ Compensation (“OWC”). On May 7, 2008, the OWC granted OPSB’s exception of subject matter jurisdiction and dismissed Smith’s claim.
 

 |2On April 14, 2008, Smith filed a motion to enforce the 1994 consent judgment, acceleration of benefits, and post judgment penalties in the Civil District Court. In response, OPSB filed exceptions of prescription,
 
 res judicata,
 
 and no right of action, arguing that the consent judgment lapsed because it was not revived within ten years, and that Smith’s right to enforce the judgment, and the underlying claim, had prescribed.
 
 [2]
 

 The trial court heard the matter on May 8, 2009. Judgment was rendered on May 29, 2009, granting OPSB’s exceptions and dismissing Smith’s case. Reasons for judgment were not provided. Smith’s timely appeal followed.
 

 LAW AND ANALYSIS:
 

 Exceptions of Prescription, Res Judica-ta, and No Right of Action
 

 Citing
 
 Jones v. City of New Orleans,
 
 2009-0369 (La.App. 4 Cir. 9/2/09), 20 So.3d 518, Smith asserts that the trial court erred in granting OPSB’s exceptions. We agree.
 

 The
 
 Jones
 
 case, rendered by this Court after the trial court’s ruling herein, is virtually identical to the present case. In connection with her 1984 workplace acci
 
 *335
 
 dent, judgment was rendered December 17, 1986, ordering Jones’ employer, the City of New Orleans, to pay Jones weekly disability benefits. The City ceased making payments on January 3, 2003. Jones filed a motion to enforce the judgment in the Civil District Court. The City filed exceptions of prescription,
 
 res judicata
 
 and no right of action.
 

 The City argued that Jones’ right to enforce the judgment no longer existed because the judgment was not revived within ten years of its signing. The City | aalso contended that Jones’ right to enforce the judgment was prescribed, as was her underlying claim. Finally, the City asserted that because Jones’ claim against the City was previously litigated and reduced to judgment, all issues covered by that judgment were
 
 res judicata.
 
 These exact arguments are set forth by OPSB in the present case.
 

 The trial court in
 
 Jones
 
 granted the City’s exceptions. This Court reversed, stating:
 

 We first address the proper prescriptive period to be applied to a motion to enforce the payment of workers’ compensation benefits when the amount and type of disability have been reduced to judgment and where the employer is ordered to pay benefits “until the disability ceases.” We note that the LWCA does not specifically provide a prescriptive period for filing of a motion to enforce a judgment ordering the payment of benefits. We hold that the ten-year prescriptive period found in La. C.C. art. 3499 applies.
 
 See Lester v. Southern Cas. Ins. Co.,
 
 466 So.2d 25 (La.1985) (legislatively overruled). Because Jones’ motion to enforce the 1987 judgment was filed within the ten-year prescriptive period, we find the trial court erred when it granted the City’s exception of prescription as well as the exceptions of
 
 res judicata
 
 and no right of action.
 

 Jones,
 
 2009-0369 at pp. 3-4, 20 So.3d at 521.
 

 Addressing the City’s argument that a workers’ compensation judgment should be treated as a money judgment that must be revived within ten years, we stated:
 

 The fallacy of the City’s argument lies in the fact that a workers’ compensation judgment awarding disability benefits into the future “until the disability ceases” is not a money judgment for a sum certain subject to the revival requirements of La. C.C. art. 3501. A workers’ compensation judgment awarding weekly disability benefits is an award of the payment of future sums of money for an indefinite period of time contingent upon the disabled worker remaining disabled and alive. Until such time as Jones is judicially determined to be no longer disabled or dies, the judgment remains viable without any duty or obligation on her behalf to revive it.
 

 Id.
 
 at p. 5, 20 So.3d at 522.
 

 |4We further explained in
 
 Jones
 
 that “the ten-year prescriptive period commences to run from the date each weekly indemnity benefit becomes due and owing. Therefore, for each week that passes without Jones receiving a weekly payment of compensation, a ten-year prescriptive period begins to run enabling her to seek enforcement of the payment of that unpaid benefit under the judgment.”
 
 Id.
 
 at p. 10, 20 So.3d at 524.
 

 OPSB urges this Court to reconsider
 
 Jones.
 
 However, we find our decision in
 
 Jones
 
 to be correct and amply supported by the reasons set forth therein. In fact, those reasons are well articulated and documented. Accordingly, on the basis of our holding in
 
 Jones,
 
 and the legal principles discussed therein, we find that the trial
 
 *336
 
 court erred in granting the exceptions of prescription,
 
 res judicata,
 
 and no right of action in favor of OPSB.
 

 Motion to Enforce Judgment and Motion for Post-Judgment Penalties
 

 Smith submits that the trial court erred in denying her motion to enforce the judgment, acceleration of benefits and post-judgment penalties. We note that the judgment at issue does not reference Smith’s motion. However, because we reverse the trial court’s granting of the exceptions of prescription,
 
 res judicata,
 
 and no right of action, (finding that the 1994 consent judgment remains in effect) we hereby remand the matter to the trial court to determine what relief Smith is entitled to pursuant to the judgment.
 

 | ¡DECREE
 

 For the foregoing reasons, we reverse the trial court’s judgment granting the exceptions of prescription,
 
 res judicata,
 
 and no right of action, and we remand the matter for further proceedings in accordance with this opinion.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . Prior to 1983, jurisdiction over workers’ compensation claims was vested in the civil district courts.
 

 [2]
 

 . La. C.C. art. 3501 provides that a money judgment is prescribed by the lapse of ten years from its signing unless it is revived before it prescribes as provided by La. C.C.P. art. 2031.