PITMAN, J.
| iPaul Eikert appeals a judgment of the Workers’ Compensation Judge (“WCJ”) in favor of Deborah Beebe. For the following reasons, we reverse.
' FACTS
On December 19, 2002, Ms. Beebe was injured in an accident arising out of and in the course of . her employment at Mr. Ei-kert’s store. On July 21,. 2003, she filed a Form 1008, i.e., a disputed claim for compensation. On, November 16, 2004, the WCJ entered a judgment (the “2004 judgment”) in favor of Ms. Beebe and against Mr. Eikert of $7,666.25 in medical bills and $6,000 in penalties and attorney fees. The WCJ ordered that Mr. Eikert “pay all medicáis and treatment as recommended by the health care providers, for the past, present and future treatment” and “pay and authorize any future and/or ongoing medical bills and treatment as recommended by health care providers related to the treatment of Deborah Beebe.”
On August 20, 2014, Mr. Eikert filed a petition to nullify judgment. He stated that he was unaware that the 2004 judgment had been entered until spring 2014 when Ms. Beebe began to take steps to collect the judgment. He contended that the 2004 judgment should be nullified, due to lack of notice and/or for fraud or ill practices.
On September 4, 2014, Ms. Beebe filed an exception to' the petition to nullify the judgment, contending that the petition did not state a cause of action because it did not allege facts sufficient to nullify a judgment pursuant to La, C.C.P. art. 2002. On October 16, 2014, Mr. Eikert filed an | ¡¡opposition to exception of no cause of action. He contended that his petition did set forth a cause of action for nullity pursuant to'La. C.C.P. arts. 2002 and 2004(A).
On October 28, 2014, Ms. Beebe filed an exception, arguing that Mr. Eikert’s petition to nullify judgment' had prescribed.
On December 17, 2014, Mr. Eikert filed a motion in which he argued that the 2004 judgment expired as no action had been taken to reinscribe the judgment prior to the expiration of ten years.
During a hearing on January 5, 2015, the WCJ found that the matter was moot because there had been no motion to revive the 2004 judgment.
On January 7, 2015, Ms. Beebe .filed a petition to revive judgment. She contended that the 2004 judgment is not a money judgment that is required to be revived before it prescribes and, therefore, requested that the WCJ determine that no revival is needed. Alternatively, she requested that the WCJ revive the judgment.
On January 13, 2015, Mr. Eikert filed an answer and a rule to show cause why the petition to revive should not be denied. He contended that the portion of the 2004 judgment awarding a lump sum is a money judgment that prescribed because Ms. Beebe did not timely file a motion to rein-scribe the judgment pursuant to La. C.C. *1131 art. 3501. He stated that the portion of the judgment requiring the payment of future medicals is not a money judgment but that the judgment is capable of prescription.
A hearing on the petition to revive the judgment was held on February 2, 2015. The WCJ rendered a decision in open court on | ¡¡March 30, 2015, denying the petition, finding that, because the 2004 judgment ordered the payment of periodic or intermittent future payments, it cannot be considered a money judgment subject to La. C.C. art. 3501. On May 28, 2015, the WCJ filed a written judgment stating that the 2004 judgment is not subject to the revival requirement, that the petition to nullify the judgment is denied and that the exceptions of no cause of action and prescription are-denied:
Mr. Eikert appeals.

DISCUSSION

In his first assignment of error, Mr. Eikert argues that the WCJ erred in failing to recognize that the 2004 judgment is a money judgment within the meaning of La. C.C. art. 3501 and in failing to recognize that this portion of the judgment has prescribed. He contends that a money judgment is a final judgment that orders the immediate payment of a specific sum of money and that will prescribe if not reinscribed every ten years. He also argues that the 2004 judgment is a “hybrid” judgment that is like a money judgment in that it requires immediate payment of specified amounts-of money-and is like a non-money judgment in that it requires future payments of. unspecified' amounts for future medical expenses. Therefore, he contends that the portion of the 2004 judgment awarding $13,666.25 is a money judgment governed by La. C.C. art. 3501 and that the. portion of the judgment for future medical expenses should.be governed by a different prescriptive period. He states that Ms. Beebe has no medical bills that postdate the 2004 judgment, so all of her claims have Lprescribed. Regarding the portion that is a money judgment, Mr. Eikert contends that only a petition to revive- filed under La. C.C.P. art. 2031 can interrupt or suspend the ten-year period and that Ms. Beebe’s petition to revive was not timely filed.
Ms. Beebe contends that Louisiana jurisprudence demonstrates that, when only a portion of a judgment would otherwise be considered a money judgment, but the other portion is for future or ongoing expenses, the judgment is not a money judgment for the purposes of La. C.C. art. 3501. She argues that prescription was interrupted regarding the 2004 judgment when Mr. Eikert acknowledged its existence by filing suit to have it annulled, when he filed pleadings in her premis.es liability suit and when she filed for a-judgment-debtor examination in - 2014. She contends that, when Mr. Eikert filed the petition for nullity within ten years of the judgment,, the time .period to file the revival action as an incidental demand was expanded.
-A money judgment orders the payment of a sum .of money. See La. C.C.P. art. 1922. . In Knotts v. Snelling Temporaries, 27,773 (La.App.2d Cir.12/6/95), 665 So.2d 657, this court discussed the furnishing of medical expenses related to a work injury and stated:
An employer is obligated to furnish all necessary medical expenses related to a work injury. LSA-R.S. 23:1203; Lubom v. L.J. Earnest, Inc., 579 So.2d 1174 (La.App. 2d Cir.1991). A claimant may recover medical expenses that are reasonably necessary for treatment-of a medical- condition caused by. a work-re.lated injury. Whittington v. Rimcor, Inc., 601 So.2d 324 (La.App. 2d Cir.), *1132 writ denied, 605 So.2d 1366 (La.1992). Under R.S. 23:1203, liability for medical expenses arises only as those expenses are incurred. A claimant is not entitled to an award for future medical expenses, but the right |fito claim such expenses is always reserved to the claimant Frazier v. Conagra, Inc., 552 So.2d 536 (La.App. 2d Cir.1989), writ denied, 559 So.2d 124 (La.1990); Lester v. Southern Casualty Insurance Co., 466 So.2d 25 (La.1985).
Both parties rely on Jones v. City of New Orleans, 09-0369 (La.App. 4th Cir.9/2/09), 20 So.3d 518, writ denied, 09-2156 (La.12/18/09), 23 So.3d 947, when setting forth their arguments. In Jones, the fourth circuit addressed whether a workers’ compensation judgment was a money judgment subject to revival requirements. The judgment at issue in Jones awarded the employee temporary total disability benefits to be paid weekly until the disability ceased. The fourth circuit stated:
A workers’ compensation judgment awarding disability benefits into the future “until the disability ceases ” is not a money judgment for a sum certain subject to the revival requirements of La. C.C. art. 3501. A workers’ compensation judgment awarding weekly disability benefits is an award of the payment of future sum's of money for an indefinite period of time contingent upon the disabled worker remaining disabled and alive. Until such time as Jones is judicially determined to be no longer disabled or dies, the judgment remains viable without any duty or obligation on her behalf to revive it.... Only that portion of a judgment, such as that in the case at bar for $44,392.00 and legal interest, representing cumulated past weekly benefits resulting from the 22 February 1988 motion, would constitute a money judgment.
In further support of our conclusion, we note the similarity to a judgment awarding workers’ compensation benefit to a judgment awarding child support. Both provide an amount to be paid on a scheduled periodic basis into the future. The legislature specifically distinguished child support judgments from money judgments in La. C.C. art. 3501.1 pertaining to actions to make arrearages of child support executory. Because each installment owed under a child support judgment is a distinct and separate obligation, when an installment goes unpaid, it remains due for ten years, but the collection of it is barred by the liberative prescriptive of ten years. See also La. C.C., art. 3447. Stated another way, a judgment awarding periodic support does not automatically lapse if not revived every ten years.
|fiWe hold the same principles apply to workers’ compensation judgments awarding weekly indemnity benefits until the disability ceases; the obligation of an employer to continue weekly payments is ongoing and does not lapse, until a judicial determination is. made that the , claimant is no longer disabled or the claimant dies, and such judgment need not be revived every ten years. Therefore, we find the 1987 judgment awarding Jones weekly indemnity benefits was not, and has not, lapsed.
The case sub judice is distinguishable from Jones because Jones, and the example of child support cases it explores, specifically addresses “an amount to be paid on a scheduled periodic basis into the future.” The case before this court addresses a judgment ordering a single payment of a specified sum for medical expenses, the amount of-which was determined by medical bills introduced into evidence. It does not address scheduled periodic payments of a specified sum that have an *1133 indefinite ending, e.g., weekly disability benefits.
We find that the judgment in the case sub judice is a money judgment because it orders the payment of a sum of money, i.e., $7,666.25 in medical bills and $6,000 in penalties and attorney fees. Ms. Beebe was not entitled to an award for future medical expenses, but her right to claim these expenses was reserved. The record suggests that Ms. Beebe has not requested payment for any medical bills or treatment since the 2004 judgment. Therefore, the WCJ erred in determining that the 2004 judgment is not a money judgment. Further, the WCJ erred in determining that the 2004 judgment is not subject to the revival requirement.
|7La. C.C. art. 3501 states:
A money judgment rendered by a trial court of this state is prescribed by the lapse of ten years from its signing if no appeal has been taken, or, if an appeal has been taken, it is prescribed by the lapse of ten years from the time the judgment becomes final.
⅜ * *
Any party having an interest in a money judgment may have it revived before it prescribes, as provided in Article 2031 of the Code of Civil Procedure. A judgment so revived is subject to the prescription provided by the first paragraph of this Article. An interested party may have a money judgment rendered by a court of this state revived as often as he may desire.
La. C.C.P. art. 2031(A) provides in part:
A money judgment may be revived at any time before it prescribes by an interested party by the filing of an ex parte motion brought in the court and suit in which the judgment was rendered. The filing of the motion to revive interrupts the prescriptive period applicable to the judgment.
The exclusive method by which the running of prescription on a money judgment may be prevented is by revival of the judgment in an action instituted within ten years, as set forth in La. C.C.P. art. 2031. Cassiere v. Cuban Coffee Mills, 225 La. 1003, 74 So.2d 193 (1954); Bahan v. Youngstown Sheet & Tube Co., 191 So.2d 668 (La.App. 2d Cir.1966).
Ms. Beebe filed a motion to revive the 2004 judgment on January 7, 2015, which is beyond the ten-year prescriptive period. The 2004 judgment was not timely revived and, therefore, has prescribed.
Accordingly, this assignment of error has merit.
Considering this court’s foregoing determination that the 2004 judgment has prescribed, we pretermit discussion of Mr. Eikert’s remaining assignments of error.
I ^CONCLUSION
For the foregoing reasons, we reverse the judgment of the Workers’ Compensation Judge in favor of Deborah Beebe and against Paul Eikert. Costs of this appeal are assessed to Deborah Beebe.
REVERSED.