STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-725

SANDY D. SMITH AND KEVIN D. SMITH

VERSUS

LESLIE RAY SELF, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C20160431
HONORABLE MARTHA ANN O'NEAL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

VAN H. KYZAR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, Van H. Kyzar, and Candyce G. Perret, Judges.

REVERSED AND RENDERED.

David R. Lestage
Hall, Lestage & Landreneau
P. O. Box 880
DeRidder, LA 70634
(337) 463-8692
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Sandy D. Smith
    Kevin D. Smith

P. Michael Maneille
710 West Prien Lake Road, Suite 203
Lake Charles, LA 70601
(337) 474-4444
COUNSEL FOR DEFENDANT/APPELLANT:
    Michael Melvin Smith, Administrator of the Succession of Arlene L. Cline

David L. Wallace
P. O. Box 489
DeRidder, LA 70634
(337) 462-0473
COUNSEL FOR DEFENDANT/APPELLEE:
    Leslie Ray Self

**KYZAR, Judge.**

The defendant, Michael Melvin Smith, as Administrator of the Succession of Arline L. Cline, appeals from a trial court judgment dismissing a money judgment based on prescription and ordering that its reinscription in the mortgage records be cancelled and erased. For the following reasons, we reverse and render judgment.

## DISCUSSION OF THE RECORD

On May 9, 2016, the plaintiffs, Sandy and Kevin Smith, filed a petition to quiet title and partition immovable property, naming as defendants, Michael Melvin Smith, as the Administrator of the Succession of Arline L. Cline, and Leslie Ray Self. The plaintiffs own an undivided interest, along with Leslie Ray Self, in two tracts of property located in Beauregard Parish, which were previously owned by Artie Ray Self (Mr. Self) and his first wife, Myrtle Faye Self. Mr. Self initially inherited a one-ninths interest in the two tracts, and he and Myrtle then purchased the remaining eight-ninths interest in the property from his siblings. At Myrtle's death, their four children each inherited a one-quarter interest of her four-ninths interest in the two tracts. All but the one-quarter interest owned by Leslie Ray Self was acquired by the plaintiffs. The plaintiffs also acquired Mr. Self's five-ninths interest in the second tract, which he had donated to a third person. All of his five-ninths interest in the first tract was inherited by their four children following his death, and the plaintiffs have acquired all but the one-quarter interest owned by Leslie Ray Self.

This matter arises because of a judicial mortgage filed in the Beauregard Parish mortgage records, which stems from a November 28, 1989 judgment between Mr. Self and his second wife, Arline Cline Self (Ms. Cline), in which the trial court awarded Ms. Cline $20,000.00 to settle her community property claims. This judgment, which was rendered in Vernon Parish, was filed on June 7, 1990, in the mortgage records of the parish of Mr. Self's domicile, Beauregard Parish, where the

two tracts of property are located. The judgment was revived in Vernon Parish on April 14, 2000, and the revived judgment was filed in the Beauregard Parish mortgage records that same day. Ms. Cline died intestate on November 13, 2006, and Mr. Self died intestate on February 1, 2006. On April 8, 2010, Ms. Cline's succession was opened in Vernon Parish, and her son, Michael Melvin Smith (Mr. Smith), was appointed administrator of the succession. On that same day, Mr. Smith filed an ex parte motion in Vernon Parish to revive the November 28, 1989 money judgment that had previously been revived on April 14, 2000. Mr. Smith noted in his motion that no succession had been opened for Mr. Self, and he requested that a curator ad hoc be appointed to notify Mr. Self's unopened succession. A judgment reviving the November 28, 1989 judgment was rendered on April 8, 2010. The judgment further appointed an attorney as curator ad hoc to notify Mr. Self's unopened succession of the judgment. The April 8, 2010 judgment of revival was filed in the Beauregard Parish mortgage records that same day.

The plaintiffs alleged that the revived November 28, 1989 judgment created a cloud on their title to the two tracts of property and that Mr. Smith failed to comply with La.Civ.Code art. 3121, when he failed to have an administrator appointed to represent Mr. Self's unopened succession before the judgment was revived. Thus, they asked that the revived judgment be cancelled and erased from the Beauregard Parish mortgage records. In response, Mr. Smith filed declinatory exceptions of lack of subject matter jurisdiction and improper venue, a dilatory exception of prematurity, and a peremptory exception of res judicata. Mr. Smith's exceptions were adopted by Leslie Ray Self. Following an August 25, 2016 hearing, the trial court rendered written reasons for judgment, denying all of the exceptions.

Thereafter, Mr. Smith answered the plaintiffs' petition and moved for summary judgment. In support of his motion, Mr. Smith filed a copy of the February 6, 1985

2

judgment of divorce between Mr. Self and Ms. Cline; a copy of the November 28, 1989 community property judgment, in which the trial court awarded Ms. Cline $20,000.00 in settlement of her community property claims; a copy of the plaintiffs' petition to quiet title and partition immovable property; a copy of Mr. Smith's answer; a copy of the April 14, 2000 judgment reviving the November 28, 1989 judgment, which was filed in the Beauregard Parish mortgage records that same day; a certificate from the Beauregard Parish Clerk of Court, dated October 17, 2016, indicating that Mr. Self's succession was never opened; a copy of Mr. Smith's ex parte motion for revival of judgment and the April 8, 2010 judgment of revival, which was filed that same day in the Beauregard Parish mortgage records; a copy of the Vernon Parish court documents appointing Mr. Smith as the administrator of the Succession of Arlene L. Cline and listing the $20,000.00 money judgment as succession property; and copies of portions of the plaintiffs' petition and Mr. Smith's answer, which indicate that Mr. Smith did not open Mr. Self's succession prior to the 2010 reinscription of the November 28, 1989 judgment. The plaintiffs neither introduced nor opposed any of Mr. Smith's exhibits in opposition to his motion for summary judgment; however, they noted that Mr. Smith's exhibits were not appropriate support for a motion for summary judgment.

Following a February 8, 2017 hearing, the trial court denied Mr. Smith's motion for summary judgment, finding that the exhibits introduced by him in support of his motion failed to comply with La.Civ.Code art. 966(A)(4), and that there was a genuine issue of material fact as to whether the judgment was for alimony, which would first have to be made executory before it could be filed in the Beauregard Parish mortgage records. Following the trial court's denial of Mr. Smith's motion for summary judgment, the matter proceeded straight to a trial on the merits. At the close of evidence, the trial court ordered a partition by licitation of the two tracts of

3

property, but took the judicial-mortgage issue under advisement. Thereafter, on February 21, 2017, the trial court issued written reasons for judgment, finding that Mr. Smith failed to comply with La.Code Civ.P. art. 3121, by not having an attorney appointed as administrator of Mr. Self's unopened succession, and by not having the judgment first made executory before inscribing it in the Beauregard Parish mortgage records. Thus, the trial court held that the November 28, 1989 judgment was prescribed and ordered that the April 8, 2010 reinscription of the revived judgment be cancelled and erased from the Beauregard Parish mortgage records. Written judgments were rendered by the trial court on March 24, 2017, on its denial of the motion for summary judgment and its findings from the trial on the merits. It is from these judgments that Mr. Smith appeals.

On appeal, Mr. Smith raises fifteen assignments of error:

1. For the [Thirty-Sixth] Judicial District Court of Beauregard Parish to properly adjudicate the cloud on title issue alleged against the [Thirtieth] Judicial District Court Vernon Parish community property money judgment recorded in the Beauregard Parish public records, it must first determine whether this judgment being attacked in its forum is either a relative nullity or absolute nullity.

2. Despite the trial court observing in the August 25, 2016 exception hearing it must focus upon the proper forum for filing a nullity action—Beauregard Parish or Vernon Parish—it erred in its failure to do so prior to deciding the revived judgment is a cloud on title.

3. The trial court erred in exercising its subject matter jurisdictional authority in its venue to cancel a judgment inscription, without first considering and deciding the nullity issue related to a judgment rendered by a district court in a different venue.

4. The [Thirty-Sixth] Judicial District Court erred in denying the appellant's declinatory exceptions of lack of subject matter jurisdiction and improper venue.

5. The [Thirty-Sixth] Judicial District Court trial court erred in prematurely cancelling a judgment rendered in a collateral venue, without the [Thirtieth] Judicial District Court, which rendered the judgment, finding it was a relative [sic] null judgment.

4

6. The [Thirty-Sixth] Judicial District Court erred in denying the appellant's dilatory exception of prematurity.

7. The trial court erred in finding genuine issues of material fact existed between the appellees' cloud on title allegations and the civil procedure appellant followed in his 2010 judgment revival action, thus precluding summary judgment in appellant's favor, and requiring a trial on the merits.

8. The trial court erred in finding the documents filed in support of appellant's summary judgment motion did not meet the criteria required to support the motion.

9. The trial court erred in denying the appellant's summary judgment motion and finding a trial on the merits was necessary to adjudicate the cloud on title issue pertaining to the proper civil procedure for reviving a money judgment inscription in the Beauregard Parish public records.

10. The trial court erred in finding the subject money judgment was prescribed in 2010 and should be cancelled and erased in Beauregard Parish for failure to comply with procedural law on reviving a judgment.

11. The trial court erred in finding the proper, exclusive revival procedure required opening the deceased judgment debtor's succession, placing it under administration and appointing an administrator to serve with compensation after posting security.

12. The trial court erred in finding the $20,000 awarded to the judgment creditor in the *Self* partition lawsuit judgment was not the spouse's community property interest and instead, it was an alimony award.

13. The trial court erred in finding a reference to alimony payments continuing was an issue related to creating a judicial mortgage, and this reference to alimony made an executory clause necessary.

14. The trial court erred in finding a judgment clause referencing continuing monthly alimony was the monetary amount being revived.

15. The trial court erred in finding the 2010 revival judgment, without an executory clause, did not constitute a valid revived judgment, and it is proper to order its reinscription be cancelled and erased.

Since we find merit in the last five assignments of error, we will address only those assignments.

5

**OPINION**

Upon review, an appellate court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). However, questions of law involving the correct interpretation of legislation are reviewed *de novo*, without deference to the legal conclusions of the trial court. *Durio v. Horace Mann Ins. Co.*, 11-84 (La. 10/25/11), 74 So.3d 1159.

A money judgment is a judgment "which orders the payment of a sum of money and which may be executed under a writ of fieri facias" pursuant to La.Code Civ.P. art. 2291. *Succession of Moody*, 306 So.2d 869, 874 (La.App. 1 Cir. 1974), *writ denied*, 310 So.2d 639 (La.1975). In *Jones v. City of New Orleans*, 09-369, pp. 4-5 (La.App. 4 Cir. 9/2/09), 20 So.3d 518, 522, *writ denied*, 09-2156 (La. 12/18/09), the second circuit held that "a workers' compensation judgment awarding disability benefits into the future . . . is not a money judgment for a sum certain subject to the revival requirements of La. C.C. art. 3501."

Pursuant to La.Civ.Code art. 3501, a money judgment is "prescribed by the lapse of ten years" from either its date of signing or the date it becomes final following appeal. A judgment may be revived as often as needed by an interested party pursuant to the procedure provided by La.Code Civ.P. art. 2031, and a revived judgment is subject to the same ten year prescriptive period. La.Civ.Code art. 3501.

The revival procedure provided by La.Code Civ.P. art. 2031, is as follows:

> A. A money judgment may be revived at any time before it prescribes by an interested party by the filing of an ex parte motion brought in the court and suit in which the judgment was rendered. The filing of the motion to revive interrupts the prescriptive period applicable to the judgment. The motion to revive judgment shall be accompanied by an affidavit of the holder and owner of the judgment, stating that the original judgment has not been satisfied. A judgment shall thereupon be rendered reviving the original judgment. No citation or service of process of the motion to revive shall be required. The court may order

6

the judgment debtor to pay additional court costs and reasonable attorney fees in connection with the judgment revival action. Notice of signing of the judgment of revival shall be mailed by the clerk of court to the judgment debtor at his last known address as reflected in the suit record.

> B.    At any time after the signing of the judgment of revival, the judgment debtor may, by contradictory motion, have the judgment of revival annulled, upon showing that the judgment which has been revived was in fact satisfied prior to the signing of the judgment of revival. If the judgment debtor proves that the judgment has been satisfied prior to the filing of the motion to revive the judgment, the holder or owner of the judgment shall pay all court costs, fees, and attorney fees incurred by the judgment debtor in opposing the ex parte order of revival and the cancellation of the judgment from the mortgage records.

Article 2031, as amended by 2003 La. Acts No. 806, § 1 and 2005 La. Acts No. 2005, § 1, changed the procedure required for the revival of a money judgment, which had previously provided:

> A money judgment may be revived at any time before it prescribes by an interested party in an ordinary proceeding brought in the court in which the judgment was rendered.

> The judgment debtor shall be made a defendant in the proceeding to revive the judgment, unless he is dead, in which event his legal representative or legal successor shall be made a defendant.

> A judgment shall be rendered in such a proceeding reviving the original judgment, unless the defendant shows good cause why it should not be revived.

Thus, as noted in La.Code Civ.P. art. 2031(A) (as amended), it is no longer necessary that the interested party have the judgment debtor served with citation or service of process prior to obtaining a judgment of revival. Rather, it is after the judgment of revival is rendered that the judgment debtor is given the opportunity to challenge the revived judgment by contradictory motion in order to prove that the judgment was already satisfied.

In finding the April 8, 2010 judgment of revival invalid, the trial court stated the following in its written reasons:

> The Court finds that the last reinscription granted on April 8, 2010, in the 30th Judicial District Court, Parish of Vernon, State of Louisiana,

7

suit number 37412B, was after the death of Artie Self on February 1, 2006. The curator was assigned to "notify" the Unopened Succession of Artie Ray Self on February 1, 2006. However, there was no attorney appointed as administrator of the vacant and unopened succession, as required by La. C.P.P. [sic] Article 3121. Notification was impossible.

Additionally, once the reinscription occurred in Vernon Parish, a certified copy was filed in the records of Beauregard Parish Clerk of Court under instrument No. 491212 (MOB 615 FOLIO 454) without having made the money judgment executory.

The Court finds the Judgment at issue has prescribed for failure to comply with the applicable law as to revival of judgment. The Beauregard Parish Judgment filed under instrument No. 491212; and the reinscription ordered as stated in the April 8, 2010, Judgment are to be cancelled and erased, removing the Judgment as a cloud on the title of subject property.

After reviewing the matter, we find that the trial court legally erred by interpreting La.Code Civ.P. art. 2031 to first require Mr. Smith to appoint an administrator to represent Mr. Self's unopened succession, pursuant to La.Code Civ.P. art. 3121,[1] before obtaining a judgment reviving the November 28, 1989 judgment. Although the trial court did not expressly state such, it, in effect, found that the April 8, 2010 judgment of revival was an absolute nullity based on Mr. Smith's failure to first have a succession administrator appointed to represent Mr. Self's unopened succession.

The annulment of a judgment for vices of form may be collaterally attacked at any time, if it is rendered:

---

[1] Louisiana Code Civil Procedure Article 3121 provides:

When no qualified person has petitioned for appointment as administrator of a vacant succession within three months of the death of the deceased, the court may appoint an attorney at law as administrator thereof and set his compensation. Said attorney shall be selected, on a rotating basis, from a list of attorneys currently practicing in the parish in which the succession is to be opened.

The attorney shall be required to furnish security as required by law. Otherwise, all of the provisions of law relating to the administrator of a succession apply to the attorney when appointed administrator of a vacant succession.

This article does not apply to any parish for which a public administrator has been appointed.

8

(1)    Against an incompetent person not represented as required by law.

(2)    Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.

(3)    By a court which does not have jurisdiction over the subject matter of the suit.

La.Code Civ.P. art. 2002.

However, based on the plain language of La.Code Civ.P. art. 2031, as amended, the revival procedure has been simplified so that citation and service of process on the defendant is no longer necessary in order to obtain a judgment of revival. Now, the only notice required is by mailing notice of the revived judgment after the fact to the last known address of the judgment debtor, as shown in the suit record. Thus, actual notice of the revived judgment is not a requisite of La.Code Civ.P. art. 2031. Accordingly, we find that the April 8, 2010 judgment of revival was not absolutely null as service of process against Mr. Self's unopened succession was not required by law in order for Mr. Smith to successfully revive the November 28, 1989 money judgment.

In this instance, Mr. Smith took the added step of having an administrator appointed to notify Mr. Self's unopened succession of the April 8, 2010 revived judgment. Louisiana Code of Civil Procedure Article 5091 provides that "[t]he court shall appoint an attorney at law to represent the defendant, on the . . . ex parte written motion of the plaintiff" if the trial court "has jurisdiction over the person or property of the defendant . . . and the defendant is" "[d]eceased and no succession representative has been appointed." La.Code Civ.P. art. 5091(A)(1)(c). Despite the Thirtieth Judicial District Court's action of appointing an attorney to notify Mr. Self's unopened succession and ordering the Vernon Parish Clerk of Court to mail notice of the revived judgment to Mr. Self's last known address, the trial court noted that

9

"[n]otification was impossible." However, we note that even if there was a legal necessity to proceed against an attorney appointed as succession administrator of the estate of the judgment debtor, the Thirtieth Judicial District Court, located in Vernon Parish, lacked jurisdiction over Mr. Self's unopened succession, which was located in Beauregard Parish. By appointing an attorney for the limited purpose of notifying Mr. Self's unopened succession and by having notice of the judgment mailed to Mr. Self's last known address, the trial court ensured that the judgment debtor, Mr. Self's unopened succession, received the only notice required by La.Code Civ.P. art. 2031.

We further find that the trial court erred in finding that Mr. Smith was first required to have the 2010 revived judgment made executory in Beauregard Parish before it could be recorded into the mortgage records, pursuant to La.R.S. 9:322 and 9:323.[2] The judgment at issue is for a certain amount of money, $20,000.00; thus, it is a money judgment for which Mr. Smith could create a judicial mortgage by filing it into the Beauregard Parish mortgage records, where Mr. Self's property was located. La.Civ.Code arts. 3299 and 3300.

Although the November 28, 1989 judgment stated that the permanent alimony, previously awarded to Ms. Cline in the February 6, 1985 judgment of divorce, would continue up until the time Mr. Self "shall pay the sum reflected herein to [Ms. Cline] in full settlement of all community claims of the parties[,]" it is the judgment for the

---

[2] Louisiana Revised Statutes 9:322 provides:

It is unlawful for any recorder of mortgages in the state of Louisiana to record a judgment or order for spousal or child support by any court, and if such a judgment or order is recorded, it shall not have the effect of a judicial mortgage and shall be forthwith canceled by the clerk upon demand, in writing, by the party against who it is rendered, without charge, except as provided in R.S. 13:4291.

Louisiana Revised Statutes 9:323 provides:

A recorder of mortgages shall record, at the request of any person in interest, a judgment or order for spousal or child support for the amount that the court has decreed to be due and executory, which judgment or order shall be a judicial mortgage in the amount only found to be due, together with costs and interest.

10

certain amount of $20,000.00 that Mr. Smith revived and then recorded in the Beauregard Parish mortgage records as a judicial mortgage. We do not read the November 28, 1989 judgment as allowing Mr. Self to pay off what was, in effect, a community property equalization payment of $20,000.00 through a payment plan of $200.00 per month. Rather, we read the judgment as allowing the permanent alimony received by Ms. Cline to continue up until such time that she had the resources to support herself, after she received the $20,000.00 payment from Mr. Self.

We note that if Mr. Self's unopened succession is entitled to any credits towards the $20,000.00 money judgment, that issue could be taken up by contradictory motion in Vernon Parish in accordance with La.Code of Civ.P. art. 2031(B).[3] Accordingly, we reverse the trial court judgment and render judgment finding that the November 28, 1989 judgment was properly revived by the April 8, 2010 judgment of revival.

## DISPOSITION

For the foregoing reasons, the judgment of the trial court finding that the November 28, 1989 judgment had prescribed and ordering the cancellation and erasure of the judgment and the April 8, 2010 reinscription from the Beauregard Parish mortgage records is reversed; and judgment is rendered in favor of Michael Melvin Smith, as Administrator of the Succession of Arlene L. Cline, finding that the November 28, 1989 judgment was properly revived by the April 8, 2010 judgment of revival. Costs of appeal are assessed against the plaintiffs, Sandy D. Smith and Kevin D. Smith.

---

[3] We note that the copy of the November 28, 1989 judgment, which was filed in the Beauregard Parish mortgage records, contains the following inscription, signed by a deputy clerk of court:

Cancelled and erased the 28th day of September 1990 by virtue of Sheriff's Deed # 358743 + 358744 filed the 25th day of September 1990 authorizing and directing cancellation hereof only insofar as the property therein described is affected.

11

**REVERSED AND RENDERED.**